**Jon Mabion, et al., Plaintiffs-Appellants, v. Lorraine Olds, Defendant-Appellee.**

**Gen. No. 51,161.**

First District, First Division.

June 12, 1967.

Rehearing denied July 5, 1967.

Joseph R. Curcio, of Chicago (Sidney Z. Karasik, of counsel), for appellants.

Treacy & Garbutt, of Chicago (Jerome J. Jacobson, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiffs appeal from an order vacating a default judgment entered against defendant pursuant to a complaint for damages arising out of an automobile accident.

The facts are not in dispute. On December 2, 1963, plaintiffs filed a complaint against the driver and owner (defendant in this appeal) of an automobile alleging personal injuries and praying for damages. The original summons was returned January 16, 1964, indicating that both the driver and defendant were not found. Alias Summons were issued and returned February 3, 1964. The return as to the instant defendant states:

> "I certify that I served the within writ on the defendant Lorraine Olds, by leaving a copy at his/her usual place of abode in my county, with S. W. Woods a person of his/her family of the age of ten years or upwards and informing such person of the contents thereof on the 17 day of January 1964 and also by sending through the United States Post Office on the 17 day of January 1964 a copy of the within writ in a sealed envelope with postage fully prepaid addressed to the said defendant at such usual place of abode and no property found.
>
> RICHARD B. OGILVIE, Sheriff, by
> /s/ Hamilton Deputy."

The defendant was found to be in default on July 30, 1964, and the cause was set for a prove up. On October

■■■■■■■

16, 1964, a prove up was held and damages were assessed in favor of each of the plaintiffs totaling $19,014.-20 in the aggregate. No action was taken to collect this ex parte judgment for almost four months. There is no question but that prior to the entry of the ex parte judgment, plaintiffs' attorney had been in contact with defendant's insurance carrier. Plaintiffs' attorney also sent a letter to defendant prior to the entry of the default judgment. This letter, sent certified mail, was returned by the post office marked "unclaimed."

On June 25, 1965, defendant filed a special appearance and moved the court to quash the service of summons. In support of this motion defendant filed an affidavit in which she stated that no person named "Woods" was a member of her family. The transcripts of interview with six persons who lived in the same building as defendant were also attached to the motion. Four of these persons had lived there in January, 1964. No one had ever heard of a man named "Woods." The janitor for the building stated no such name ever appeared on the doorbell and the owner stated he never had such a name on any lease.

Plaintiffs filed no counteraffidavits but answered defendant's motion alleging that she was not entitled to any relief since she was guilty of laches and lack of diligence. After a hearing on the motion the following order, from which plaintiff appeals, was entered:

> "This cause coming on to be heard on the motion of defendant, Lorraine Olds, to vacate the judgment heretofore entered against her on October 15, 1964, and said defendant having filed herein her 'Special Appearance', affidavits in support of her Motion to Quash service of Summons and Suggestions of Fact and Law and plaintiff's answer to said pleadings and the Court hearing arguments of counsel and being advised in the premises

293

"Finds that the judgment heretofore entered against the said Lorraine Olds is void and

"Hereby Orders that:
"(1)   Service of Summons upon said defendant is quashed and the default of July 30, 1964 (is set aside).
"(2)   Judgment entered October 15, 1964 against said defendant is vacated, set aside and held for naught.
"(3)   Defendant is given thirty days to answer or otherwise plead and her Special Appearance shall stand as her general appearance."

Defendant's position throughout this case has been that the default order was void because the court had no jurisdiction over the defendant due to a failure to properly serve her with a summons. As the Supreme Court stated in Janove v. Bacon, 6 Ill2d 245, 128 NE2d 706 (1955):

"Where a defendant has not been served with process, the court has no jurisdiction to enter a judgment against him."

Such a judgment may be vacated at any time. Barnard v. Michael, 392 Ill 130, 63 NE2d 858 (1945):

"A judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter or which lack the inherent power to make or enter the particular order involved, is void and may be attacked at any time or in any court either directly or collaterally."

Plaintiffs have asserted that defendant's motion was made pursuant to section 72 of the Civil Practice Act, Ill Rev Stats chapter 110, section 72 (1965) and consequently the ruling on the motion is appealable. However, section 72(7) states as follows:

294

"Nothing contained in this section [72] affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief."

Defendant's attack on the default order was because it was void. Consequently we do not consider the proceedings below as a Section 72 petition. The sole effect of the order entered was to vacate a void default judgment and require defendant to answer.

█ As we view the record in this cause the order entered was interlocutory, not final and appealable. The general rule is stated in Nichols, Illinois Civil Practice, § 5920:

"If the court sets aside or vacates a judgment otherwise than pursuant to the statutory procedure for relief from judgments and orders, the general rule is that the order is interlocutory and the parties must await a final judgment after the case has been tried on the merits before an appeal will lie."

█ In City of Park Ridge v. Murphy, 258 Ill 365, 101 NE 524 (1913), the Supreme Court considered an appeal from an order vacating a money judgment that had been entered almost one year previously. The basis for the order was want of proper service of notice. The court dismissed the appeal and stated:

"(W)hen the motion [to set aside a default and vacate a judgment] is allowed, and the judgment is set aside merely for the purpose of allowing the party to interpose a defense, the order is interlocutory, and an appeal will not lie therefrom. Walker v. Oliver 63 Ill 199. In such case the court does not finally determine the rights of the parties."

See Chamness v. Minton, 39 Ill App2d 325, 188 NE2d 873 (1963): "The appeal is taken from an order setting

295

aside a default order and ruling the defendant to answer within 10 days. This does not constitute a final and appealable order"; also Dross v. Farrell-Birmingham Co., 51 Ill App2d 192, 200 NE2d 912 (1964).

■ Defendant's answer is on file and from the state of the record it appears that the cause is pending trial. Once the case is tried and a final order entered from which an appeal may be taken, setting aside the default judgment may be asserted as error. Walker v. Oliver, 63 Ill 199 (1872); City of Park Ridge v. Murphy, supra.

No rights of the plaintiffs having been finally adjudicated by the trial court's order and there being no final order, plaintiffs' appeal is accordingly dismissed.

Appeal dismissed.

MURPHY, P. J. and BURMAN, J., concur.