JOE ALEXANDER *et al.*, Plaintiffs-Appellants, *v.* PHILLIP BURKE, Defendant-Appellee.

(No. 56041;

First District—July 28, 1972.

Erwin Cohn, of Chicago, for appellants.

Ron Fritsch, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiffs appeal from the order of April 30, 1971, vacating judgments in their favor entered on December 17, 1970, and setting the case for trial. They contend that defendant's motion to vacate the judgments did not comply with Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72), and that therefore the vacatur was void.

Defendant urges that since plaintiffs did not file any objections or answer to the motion and have failed to file a report of proceedings, they cannot now attack the sufficiency of the motion or the ruling of the court. ▆▆ Defendant's *pro se* motion to vacate stated:

"Due to insufficient service [I was never serviced by anyone directly] notice of any action was obtained from Cook County Credit Bu.—to vacate the judgment, * * *."

Plaintiffs argue that since the motion was presented more than 30 days after the entry of the judgments, it must be supported by affidavit as provided in sub-section 2 of Section 72, *supra*. However, all motions to vacate judgments after 30 days are not necessarily subject to the restrictions of Section 72 since subparagraph 7 thereof makes reference to the general principles of law in regard to void orders in stating:

"Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief."

Defendant's petition requested a vacatur of the judgments on the ground that he had not been served with process thereby questioning the jurisdiction of the court to enter any judgment against him. The deputy sheriff's return of process states that he served defendant by delivering a copy of the writ to "Mr. Richardson, a person of his family."

In *Abron v. Public Pontiac, Inc.*, 64 Ill.App.2d 73, 77, 212 N.E.2d 326, we stated:

"Without service or appearance the court had no jurisdiction to enter a judgment against defendant, and the invalidity of such a judgment may be raised at any time by either direct or collateral attack."

▆▆▆ We therefore find that defendant's motion in the instant case was an attack on an allegedly void order and need not have concerned itself with Section 72 of the Civil Practice Act. Thus the order vacating the judgments, ordering defendant to file an appearance and answer within 15 days and setting the cause for trial was not a final order and was not appealable. In *E.M.S. Co. v. Brandt*, 103 Ill.App.2d 445, 448, 243 N.E.2d 695, we stated:

"An order vacating a prior judgment, under the circumstances of this case, [not a Section 72 proceeding] simply leaves the case pending. It is 'an order which is not final in its character.' * * *.

While this contention was not made on defendants' motion, when we are without jurisdiction to determine an appeal, it is our duty to dismiss it, however the matter may have come to our attention. [Citing cases.]"

Plaintiffs' appeal is dismissed.

Appeal dismissed.

LORENZ, P. J., and ENGLISH, J., concur.