G. BROCK STEWART, INC., Plaintiff-Appellant, v. GAIL VALENTI, Individually and d/b/a The Belmont Fabric Shop, Defendant-Appellee.

First District (3rd Division)    No. 62618

Opinion filed November 4, 1976.

Alan Kawitt, of Chicago, for appellant.

Hoy, Oddo & Kucia, of Oak Park, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, G. Brock Stewart, Inc., appeals from an order of the circuit court of Cook County quashing service of summons upon defendant Gail Valenti, vacating a judgment order based upon the quashed summons, and ordering an alias summons to issue.

We affirm the order as modified and remand the cause.

The record on appeal discloses the following pertinent facts. On February 5, 1975, plaintiff obtained a default judgment against the named defendant, Gail Valenti. Execution was served on defendant on April 14, 1975. On April 29, 1975, defendant moved to vacate the default judgment, presenting a petition for leave to file a special and limited appearance which alleged that she was never served with summons. The petition was entitled "Petition Under Section 72." On July 31, 1975, the circuit court

entered an order vacating the default judgment, quashing the service of summons and ordering alias summons to issue.

■■ Plaintiff's principal argument on appeal is that the defendant's petition was insufficient under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) because it did not properly allege a meritorious defense and due diligence. We defer to the rule announced in *Mabion v. Olds* (1967), 84 Ill. App. 2d 291, 228 N.E.2d 188, and followed in the subsequent cases of *Keel v. Kostka* (1969), 106 Ill. App. 2d 172, 245 N.E.2d 607; *Lebanon Trust & Savings Bank v. Ray* (1973), 10 Ill. App. 3d 345, 293 N.E.2d 623; and *Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 334 N.E.2d 288. According to these cases, a petition attacking a void judgment is not considered as being brought under section 72, notwithstanding what the parties deem it. The instant petition, although designated as being brought pursuant to section 72, challenged the default judgment as being void because it was entered without jurisdiction over the defendant. Such a motion was in the nature of a special and limited appearance brought pursuant to section 20 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 20) to object to the court's jurisdiction over defendant's person. Accordingly, the requirements of section 72 were irrelevant and plaintiff's arguments to the contrary must fail.

■■ Plaintiff's next argument is that the defendant did not overcome the strong presumption of service raised by the sheriff's return of the summons served upon defendant. The record on appeal does not, however, contain either the summons showing the sheriff's return or a report of proceedings setting forth the evidence heard by the trial court. In our opinion, plaintiff has disregarded the fundamental rule of appellate practice; that it is the appellant's responsibility to present the appellate court with a complete record on appeal. In the absence of a report of proceedings, it will be presumed that the trial court heard evidence sufficient to support its order. On the state of the record on appeal before us, we must affirm the order of the trial court.

Plaintiff correctly points out that the trial court quashed service of summons, although defendant did not specifically request that relief. We therefore order that defendant appear and defend.

Accordingly, the order of the circuit court vacating the default judgment is affirmed. Defendant is directed to appear and defend and the cause is remanded for further proceedings.

Order affirmed as modified; cause remanded.

DEMPSEY and McNAMARA, JJ., concur.