THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE H. MICKOW, JR., Defendant-Appellant.

First District (5th Division)   No. 76-1381

Opinion filed March 31, 1978.

Ross, Scott & Carmody, of Chicago (Warren R. Ross, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Melvyn A. Rieff, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from an order denying a motion to quash service of summons and to vacate two other orders. The only issue raised on appeal is whether the court had jurisdiction over the defendant. We reverse and remand.

On June 12, 1975, an information was filed charging George H. Mickow, Jr., with failure to obey an order of a State fire marshal directing the correction of certain conditions on property located in Riverdale, Illinois. The same day the court below issued a summons directed to defendant at "730 Hoffman" in "Hammond, Indiana." The summons was subsequently served on William Mickow, defendant's brother.

On September 16, 1975, the court issued an order in which the State and someone representing himself as attorney for defendant agreed to the assessment of a $50 per day fine until defendant complied with the fire marshal's order. The court stayed execution for 90 days however, and added that if substantial compliance with the fire marshal's order was found at that time, then the fine would be rescinded. Three months later an order was entered which increased the fine to $100 per day until compliance with the September 16 order. However execution of this December 16 order was stayed until January 13, 1976, and the court added the proviso that if substantial compliance with the fire marshal's order was then found, the fine would be rescinded. The name of the party representing himself as defendant's attorney does not appear on the December order but the court states therein that defendant's attorney of record represented him at a hearing held on December 16, 1975. The fire marshal's order was not obeyed.

On July 16, 1976, a special and limited appearance was filed on defendant's behalf by newly retained counsel. Four days later defendant, through his newly retained counsel, moved to quash service of summons and to vacate the orders of September 16 and December 16, 1975. In an accompanying affidavit defendant stated that he was a resident of Florida in 1975 and that he did not reside at 730 Hoffman in Hammond, Indiana, that year. Defendant further averred that he did not retain the party who earlier represented himself as attorney for defendant, or authorize this

party to appear in this matter or to enter into agreements. Defendant added that he was never served with summons and was not in Indiana during the time when the summons was allegedly served. Subsequently a second affidavit in support of the motion was filed. In this affidavit defendant stated that he never communicated with the party who held himself out as attorney for defendant or authorized anyone to communicate with this party on his behalf. Defendant added that he first became aware of this cause after December 16, and he did not thereafter appear before the court or authorize anyone to do so on his behalf except his newly retained counsel.

On August 6, 1976, the court denied the motion to quash service of summons and vacate the September 16 and December 16 orders. This appeal followed.

OPINION

Defendant argues that the court did not have jurisdiction through either service of summons or general appearance. We agree.

Section 16 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 16) authorizes service of summons on an individual outside of Illinois. Section 13.2 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 13.2) and section 16 of the Act together provide that service upon an out-of-State individual defendant can be made by either (1) leaving a copy of the summons with the defendant, or (2) leaving a copy at his usual place of abode with a family member at least 13 years old after informing the recipient of its contents. If the latter procedure is adopted, however, section 13.2 requires the person making service to send a copy of the summons to the defendant. The return of service in the record before us states that the summons was served on defendant's brother, not defendant. Furthermore, nothing in the record before us indicates that the alternative procedure's "send a copy" requirement was satisfied. Finally, defendant's affidavits disclose that the address on the summons was not his usual place of abode. From these circumstances we cannot conclude that service was properly made.

■ ■ The State complains that defendant's affidavits do not comply with Supreme Court Rule 191(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 191(a)) because neither one contains an *express statement* that defendant would be competent to testify to the facts set forth therein if he was sworn as a witness. Supreme Court Rule 191(a) provides that affidavits such as those before us must "affirmatively *show* that the affiant, if sworn as a witness, can testify competently thereto." (Emphasis added.) This means only that the affidavit must recite facts to which the affiant could competently testify if sworn as a witness. (See *In re Estate of Willis* (1975), 33 Ill. App. 3d 279, at 281, 337 N.E.2d 35; *Windlow v. Wagner* (1975), 29 Ill. App. 3d

172, at 178, 329 N.E.2d 911.) It seems clear that defendant would be competent to testify from his own knowledge as to the facts stated in the affidavits he signed. Moreover, our supreme court has accepted a Rule 191(a) affidavit which did not contain an express statement that the affiant would be competent to testify to the affidavit's contents if he was sworn. (See *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) Consequently we cannot conclude that Supreme Court Rule 191(a) requires such an express statement.

■■ The State argues in the alternative that the return of service is prima facie evidence of personal service. This argument ignores the rule that no presumption of service arises where an individual defendant is not served in person. The return does not constitute evidence where, as here, it recites that someone other than the individual defendant received the summons, it is challenged by affidavit and no counteraffidavits are filed. In this situation, absent testimony by the person making service, the affidavits must be taken as true and the purported service of summons quashed. See *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 584-85, 366 N.E.2d 1015; *Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 237, 297 N.E.2d 795.

■■ According to his affidavits, defendant did not retain or in any way communicate with the party who represented himself as attorney for defendant. The State did not file a counteraffidavit. Where facts alleged in an affidavit are not contradicted by counteraffidavit, they must be taken as true. (See *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 1028, 356 N.E.2d 852; *D'Urso v. Wildheim* (1976), 37 Ill. App. 3d 835, 837, 347 N.E.2d 463.) Consequently we must review this case in light of the facts contained in defendant's affidavits. (See *Central Clearing, Inc.*) Under these facts, the party who held himself out as attorney for defendant was not defendant's counsel. It follows that no valid general appearance was made.

We have examined other arguments advanced by the State and we find them unpersuasive. In particular we have examined an alleged general appearance at a January 13, 1976, hearing by a nameless attorney who informed the court that he was not the attorney of record. The record does not show that defendant retained this person or that a general appearance was entered, and defendant's second affidavit establishes the contrary.

From the foregoing we conclude that the court below never had personal jurisdiction over defendant. (See *Chiaro v. Lemberis* (1960), 28 Ill. App. 2d 164, 171 N.E.2d 81, *appeal denied* (1961), 20 Ill. 2d 627.)

784

Accordingly we reverse the order of the Circuit Court of Cook County and remand this cause for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.