JOSE FRANCISCO, Plaintiff-Appellant, *v.* CONCEPCION FRANCISCO, Defendant-Appellee.

First District (3rd Division)    No. 79-954

Opinion filed April 23, 1980.

Alan Kawitt, of Chicago (Samuel Wener, of counsel), for appellant.

Dore & O'Toole, Ltd., of Chicago (Leonard L. Levin and John J. O'Toole, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

Plaintiff husband sued for divorce; defendant wife did not appear; husband obtained a decree. Two years and some months later, wife filed a verified motion to vacate the judgment, alleging: she was never served with process or notified in any way of the suit or the judgment; the parties continued to live together as though married, even after the "divorce"; the entire proceeding was fraudulent; wife discovered the divorce only by accidentally finding the judgment among her husband's papers, and immediately sought counsel and filed her motion. After husband filed a response to this motion, the circuit court heard witnesses, found the facts in the wife's favor, vacated the judgment of divorce, and allowed the wife

a suitable time to answer the complaint for divorce. Husband appeals. We affirm.

■■■ Husband has failed to file any report of the proceedings below. He has thereby waived all points that we can review only if we know what happened at those proceedings. (See *Reynolds v. Lacey* (1980), 81 Ill. App. 3d 1, 3, 400 N.E.2d 923; *Kankakee Concrete Products Corp. v. Mans* (1980), 81 Ill. App. 3d 53, 58-59, 400 N.E.2d 637.) In particular, we must presume that the circuit court's findings were supported by the evidence. *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550.

To avoid this result, husband asserts that the circuit court's order shows that wife's own testimony was the only evidence that she had not been served; he argues this uncorroborated testimony was insufficient, as a matter of law, to impeach the sheriff's return (*Marnik v. Cusack* (1925), 317 Ill. 362, 148 N.E.2d 42; *Polivka v. Worth Dairy, Inc.* (1974), 26 Ill. App. 3d 961, 328 N.E.2d 350), so that we can reverse without knowing the contents of the testimony. The order does not say what husband says it does. On the contrary, it recites that several witnesses testified, including a sheriff's deputy. Without a report of proceedings, we cannot say that their testimony did not support a finding that wife was never served; and, as pointed out above, we are compelled to accept the court's express findings, in its order, that wife never received notice of the complaint or the judgment and that the evidence established an "inference of fraud." It is therefore unnecessary to consider husband's legal argument regarding the sufficiency of wife's testimony.

■■ Wife's "motion" to vacate was in a broad sense a section 72 petition: it sought relief from a final judgment after 30 days. (Ill. Rev. Stat. 1977, ch. 110, par. 72(1).) It was supported by verification as to matters not of record; and husband was notified, and appeared. (Ill. Rev. Stat. 1977, ch. 110, par. 72(2).) On the facts as the circuit court found them, the divorce judgment was void *ab initio* for lack of jurisdiction. A void judgment may be challenged by a section 72 petition; this is apparent both from the plain language of section 72(1) ("All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder * * *") and by necessary implication from section 72(5) (protecting certain third parties "unless lack of jurisdiction affirmatively appears from the record proper"). A void judgment may, however, be attacked at any time, without regard to the usual 2-year limit of section 72(3) and without any showing of diligence or a meritorious defense, such as other section 72 petitions for relief from defaults must plead to be sufficient. (*Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 392 N.E.2d 598; see section 72(6).) Thus, the wife's petition was sufficient; there was no error in allowing it.

██ Wife entered a general appearance by filing her petition, which went beyond questions of jurisdiction, and indeed prayed for leave to file an answer and defend the divorce action on the merits. Husband's principal argument is that the only procedure provided for challenging the jurisdiction of the court is to file a special and limited appearance under section 20 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 20). But this argument misapprehends the nature of the special appearance and the point of section 20. That section does not create, much less make exclusive, a procedure for attacking a void judgment. Indeed, a special appearance is only indirectly a procedure for contesting jurisdiction; fundamentally, it is a device for avoiding jurisdiction. A general appearance submits to the jurisdiction of the court—prospectively. The special appearance enables a party to present his challenge to jurisdiction without thereby creating it and waiving the point. But a general appearance does not submit to the court's jurisdiction retroactively; it does not validate previous orders entered without jurisdiction. (*Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 366 N.E.2d 1015; see Ill. Rev. Stat. 1977, ch. 110, par. 20 ("Every appearance, *prior to judgment*, not in compliance with the foregoing is a general appearance" (emphasis added).) Contra, *Farley v. Blackwood* (1978), 56 Ill. App. 3d 1040, 372 N.E.2d 921 (alternative holding).) There is therefore no need to file a special and limited appearance in challenging past jurisdiction, unless, of course, one wishes to contest the court's prospective jurisdiction as well. Wife's failure to file such an appearance does not foreclose her from attacking a judgment on the ground it was entered without jurisdiction.

Order affirmed. Cause remanded.

McGILLICUDDY, P. J., and McNAMARA, J., concur.