PAUL J. HAVLEN *et al.*, Plaintiffs-Appellants, *v.* HAROLD G. WAGGONER, Defendant-Appellee.

Fifth District    No. 80-484

Opinion filed January 21, 1981.

George R. Ripplinger, Jr., of Ripplinger & Dixon, of Belleville, for appellants.

Russell K. Scott, of Dunham, Boman & Leskera, of Belleville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff brought an action for damages arising out of personal injuries he received at a dramshop premise owned by defendant. The complaint was filed on February 11, 1976, and summons, styled third alias summons, was returned on November 7, 1976. On December 29, 1976, a default judgment was entered against the defendant and the cause was set for a prove-up of damages. William Gagen, attorney at law, filed an appearance on behalf of defendant on April 28, 1978, and, pursuant to his motion, an order was entered on May 2, 1978, continuing the case. A subsequent order was entered March 20, 1979, setting the case for prove-up on April 23, 1979. On April 23 a jury awarded plaintiff $85,000 which was reduced to $8,571.42 by court remittitur on April 25. Several months later, on August 17, 1979, defendant, represented by new counsel, filed a "special and limited appearance to set aside judgment," alleging there was no service of process on defendant and therefore the court lacked jurisdiction to enter the April judgment. One year later, on September 15, 1980, the court entered an order which contained several findings of fact and provided "that defendant's Motion to Set Aside Judgment is hereby allowed." The order contained no other rulings. Plaintiff filed a notice of appeal on October 10, 1980. The certificate in lieu of record was filed December 4, 1980.

The appellee has filed a motion to dismiss the appeal, contending that the September 15 order vacating the April 25, 1979, judgment is not a final and appealable order. The appellant contends that it is final because the effect of the order was to quash service of summons.

We must address two primary issues: (1) whether the court retained jurisdiction September 15, 1980, to vacate a judgment entered April 25, 1979, and (2) whether an order vacating a default judgment on grounds that defendant had not been served with process is a final and appealable order.

■■■ It is a legal maxim that the circuit court loses jurisdiction 30 days after entry of a final judgment. (*Weilmuenster v. H. H. Hall Construction Co.* (1972), 72 Ill. App. 3d 101, 105, 390 N.E.2d 579, 582.) A post-trial motion in a jury and nonjury case must be filed within 30 days after entry of the judgment (Ill. Rev. Stat. 1979, ch. 110, pars. 68.1 and 68.3). However, section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) provides relief from final judgments after 30 days, but within two years, from the entry thereof. In addition to these two avenues of post-judgment relief, a party may move to set aside a void judgment at any time. (*E.g., Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 404 N.E.2d 537; *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 366 N.E.2d 1015; *Mabion v. Olds* (1967), 84 Ill. App. 2d 291,

228 N.E.2d 188.) This latter approach is usually pursuant to section 20 (special appearance) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 20). In the present case, defendant's "special and limited appearance to set aside judgment" was filed under section 20 and alleged the judgment was void because the court had no jurisdiction due to the fact that defendant was not served with process. Although this appearance was not filed within 30 days, the court could rule on the motion because it alleged the judgment was void. The request to set aside the judgment for this reason was not governed by section 68.1 or section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1 or par. 72; see, *e.g.*, *G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 357 N.E.2d 180; *Alexander v. Burke* (1972), 6 Ill. App. 3d 919, 287 N.E.2d 53.) In short, the court had the authority to set aside the judgment *if* it was void.

█ The second issue is whether the order vacating the default judgment is final and appealable. To be final and appealable an order must terminate the litigation on the merits or settle the rights of the parties thereto, either upon the entire controversy or some definite part thereof, so that if affirmed the only thing remaining to do is to proceed with execution. The September 15 order provided only that defendant's motion to set aside the judgment be allowed.

Appellee contends that since the default judgment was set aside, the litigation has not been terminated but rather is pending, therefore the order is not final and appealable. Appellee cites *Crane Paper Stock Co. v. Chicago & N.W. Ry. Co.* (1976), 63 Ill. 2d 61, 344 N.E.2d 461, and *Cohen v. Sterling Nursing Home, Inc.* (1978), 57 Ill. App. 3d 162, 372 N.E.2d 934. These cases hold that a *denial* of a motion to file a special and limited appearance is not final and appealable. In the present case the motion was granted. Appellant also cites *Crane Paper* and *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 50 N.E.2d 836, for the proposition that an order granting a motion to quash service of summons is final and appealable. In the present case the court only vacated the default judgment—no order was entered regarding the service of summons. In short, the cases cited by the parties are not exactly on point.

█ If a post-trial motion is granted under section 68.1 or 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 68.1 or 68.3), the judgment may not be final and appealable because the litigation could still be pending. Supreme Court Rule 306 (Ill. Rev. Stat. 1979, ch. 110A, par. 306) recognizes the interlocutory nature of at least one of these orders. However, it has been held that if a post-trial motion to vacate is filed after expiration of 30 days (and not pursuant to section 72), the court lacks jurisdiction to rule on it, and any order granting relief is final and appealable because it is void (*Williams v. A. E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, 400 N.E.2d 724). So too, an order granting or

denying section 72 relief is also appealable. (*Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965.) The issue we are presented with is whether the order vacating a default judgment pursuant to section 20 (Ill. Rev. Stat. 1979, ch. 110, par. 20) is final and appealable. As noted, an order vacating a default judgment is appealable only if (a) the post-trial motion was filed under section 68.1 (Ill. Rev. Stat. 1979, ch. 110, par. 68.1) *after* expiration of 30 days (*Williams*) or (b) it was allowed pursuant to section 72 (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102). If a default judgment is vacated pursuant to a timely filed post-trial motion, it is not final and appealable. *E.g., Williams v. Morton* (1967), 80 Ill. App. 2d 442, 225 N.E.2d 671.

Defendant moved to vacate the default judgment on the ground that he had not been served with process, thereby questioning the jurisdiction of the court to enter the order. At least two cases have held that an order vacating a default judgment pursuant to a special appearance premised on the fact that the default order was void because the court had no jurisdiction due to the failure of plaintiff to properly serve the defendant was not a final and appealable order. (*Alexander v. Burke* (1972), 6 Ill. App. 3d 919, 287 N.E.2d 53; *Mabion v. Olds* (1967), 84 Ill. App. 2d 291, 228 N.E.2d 188.) In *Alexander* the appealed order vacated the judgment, ordered defendant to file an appearance and answer within 15 days and set the cause for trial. In *Mabion* the order quashed the service of summons, vacated the default judgment and gave defendant 30 days to answer. In *Alexander* and *Mabion* the appellate court did not address the issue of whether defendant had been properly served with process or had entered a general appearance.

■■ Defendant's motion to dismiss the appeal because there is no final and appealable order and plaintiff's response thereto implicitly require us to make factual determinations regarding whether defendant, through his attorney William Gagen, entered a general appearance in this case and whether the summons was ever, or was improperly, served thereby rendering the service and the judgment of default void. If the circuit court acquired jurisdiction through a general appearance by the defendant or by proper service of summons, it lost that jurisdiction 30 days after entry of the April 25, 1979, judgment in the amount of $8,571.42, and it could not vacate the judgment over a year later on September 15, 1980. In such an instance the order vacating the judgment would be void and could be challenged in this court because a void order can be directly attacked at any time on appeal (*Petersen Bros. Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416.) The September 15, 1980, order vacating the default judgment may not be final and appealable pursuant to the rationale of *Alexander v. Burke* (1972), 6 Ill. App. 3d 919, 287 N.E.2d 53. However, if a general appearance was filed or there was proper service of

summons, the circuit court had jurisdiction and the defendant was required to file a timely post-trial motion under section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1) within 30 days (or a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) within two years) and the circuit court lost jurisdiction to rule on defendant's motion to vacate after 30 days. Such an order would be appealable under *Williams v. A. E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, 400 N.E.2d 724.

Appellee's motion to dismiss the appeal is supported by an affidavit which makes no reference to the validity of the service of summons or the appearance entered on behalf of the defendant by attorney William Gagen. The September 15, 1980, order vacating the default judgment attached to appellee's motion contains the court's findings touching upon the invalidity of the summons. Appellant's response is supported by an affidavit which contravenes the findings of the court in the September 15 order. It appears that there has been no hearing at which evidence was presented and findings made by the court regarding this issue. Without such evidence and findings regarding the matter of service of summons and the general appearance of the defendant, we cannot properly dispose of the motion or this case on appeal. It is therefore necessary to remand this case to the trial court for the sole and limited purpose of conducting an evidentiary hearing and making appropriate findings of fact on these issues only.

Accordingly, pursuant to powers granted this court by Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(5)), this case is remanded to the trial court for the limited purpose of conducting an evidentiary hearing and making findings of fact regarding the issues of whether there was proper service of process and whether attorney Gagen's appearance constituted a general appearance on behalf of the defendant.

Remanded with directions.

KASSERMAN, P. J., and HARRISON, J., concur.