RONALD STANKOWICZ, Plaintiff-Appellant, *v.* LUIS B. GONZALEZ, Indiv. and d/b/a Apolo Radiator Service and Body Shop, Defendant-Appellee.

First District (5th Division)    No. 80-2337

Opinion filed December 31, 1981.

Jordan, Kralik & Jordan, of Chicago (Edward R. Jordan, of counsel), for appellant.

Law Offices of Alan Kawitt, of Chicago, for appellee.

JUSTICE WILSON delivered the opinion of the court:

On May 16, 1978, plaintiff filed an action for $4,000 in damages, alleging that defendant had failed to properly repair his "classic automobile," a 1969 Cadillac Coupe de Ville convertible. Defendant, sole proprietor of Apolo Radiator Service and Body Shop, was never served with summons. On July 28, 1980, after learning of a default judgment entered against him on October 31, 1979, defendant specially appeared in court pursuant to section 20 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 20) and moved to quash the return of service on the basis that he had no knowledge of the person or supposed agent whose name was entered on the sheriff's return of service. Defendant also filed a verified affidavit in support of the motion. Further, he filed a "petition to vacate judgment," purportedly brought pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). This petition basically repeated that he had not been properly served with summons in plaintiff's

lawsuit. Additionally, the petition recited that he had "a good and meritorious defense" to the complaint.

Plaintiff filed a motion to strike defendant's pleadings, alleging that by filing the section 72 petition contemporaneously with the special and limited appearance to quash summons, defendant effectively entered a general appearance and thereby waived the jurisdictional defects. Further, plaintiff's motion alleges that the section 72 petition is deficient in form and content and thus cannot stand.

On July 28, 1980, the trial court vacated the October 31, 1979 default judgment, allowed defendant's special appearance to stand as a general appearance, and gave defendant 30 days to file an answer or otherwise plead. On August 8, 1980, the court denied plaintiff's motion to vacate the July 28 order; plaintiff appeals.

OPINION

The two issues we must consider on this appeal are (1) whether the order appealed from is a final and appealable order, and (2) whether defendant effectively waived his jurisdictional objection to the default judgment by filing a section 72 petition along with his special appearances to quash summons.

■■ In considering the appealability of the order we note that, with few exceptions, appeals can be taken only from final orders. (See Ill. Rev. Stat. 1979, ch. 110A, pars. 301 through 308.) An order is final if it terminates the litigation on the merits "or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof" (*Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 624, 390 N.E.2d 1270, 1272), so that the only thing left to do is proceed with execution on the judgment. *Havlen v. Waggoner* (1981), 92 Ill. App. 3d 916, 416 N.E.2d 684.

Defendant argues that because the trial court vacated the default judgment and allowed him 30 days to answer or otherwise plead, the litigation remains pending and the July 28, 1980, order vacating the default judgment is interlocutory in nature. This position is supported by authorities which hold that an order vacating a default judgment pursuant to a special appearance challenging defective service is not a final and appealable order. (*Alexander v. Burke* (1972), 6 Ill. App. 3d 919, 287 N.E.2d 53; *Mabion v. Olds* (1967), 84 Ill. App. 2d 291, 228 N.E.2d 188.) In *Mabion* the plaintiffs-appellants made an argument similar to the one made in the present case, that defendant's motion to quash service of summons was, in effect, made pursuant to section 72 of the Civil Practice Act and was thus appealable. The court first noted that the statute explicitly states that it does not affect any existing right to relief from a void order. (See Ill. Rev. Stat. 1979, ch. 110, par. 72(6).) The court then

concluded that since "[t]he sole effect of the order entered was to vacate a void default judgment and require defendant to answer," the order was nonfinal. (*Mabion v. Olds* (1967), 84 Ill. App. 2d 291, 295, 228 N.E.2d 188, 189.) Accordingly, the appeal was dismissed.

■■ Under the *Mabion* rationale, the present appeal should be dismissed if the October 31 order is in fact void. We find that it is. Proper service of summons is a prerequisite to obtaining jurisdiction over a party (*Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 392 N.E.2d 598), and if defendant has not been properly served, any order the court enters against him is void, whether or not he had actual knowledge of the proceedings. (*Washington v. Clayter* (1980), 91 Ill. App. 3d 489, 414 N.E.2d 1085.) A void order may be attacked and vacated at any time, either directly or collaterally. (*Mabion v. Olds* (1967), 84 Ill. App. 2d 291, 228 N.E.2d 188; *Home State Savings Association.*) Moreover, it has been repeatedly held that the restrictions of section 72 do not apply to or affect the right to relief from a void order. (*E.g., Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 404 N.E.2d 537; *Washington v. Clayter*; but *cf. Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 413 N.E.2d 457 (section 72(6) provides a parallel mode for contesting void judgments, and an order vacating a judgment is appealable if brought pursuant to a legally sufficient section 72 petition).) Accordingly, regardless of the designation of defendant's petition to vacate the judgment, it is not restricted by the requirements of "due diligence" and "meritorious defense." See *G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 357 N.E.2d 180.

The record in the pending case contains the original summons, with the notation on the sheriff's return that defendant was "not found." Also of record is an alias summons, which indicates that a "Steve Na———, Agent," was served on August 13, 1979. Defendant's affidavit avers that he does not know the person so served. Pursuant to section 13.2 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 13.2), an individual must be served with summons personally or through a member of his family at his usual place of abode. From the sheriff's return it is clear that the person served was not defendant. Although plaintiff contends that defendant failed to carry his burden of overcoming the presumption that the sheriff's return is *prima facie* proof of service, no such presumption of service arises where an individual defendant is not served in person. (*People v. Mickow* (1978), 58 Ill. App. 3d 780, 374 N.E.2d 1081.)[1] Moreover, we note that plaintiff did not file a counteraffidavit to rebut defendant's statement

---

[1] *People v. Mickow* also disposes of plaintiff's groundless attack on the technical sufficiency of defendant's affidavit in support of his motion. 58 Ill. App. 3d 780, 782-83, 374 N.E.2d 1081, 1083.

that he was not served and that he did not know the person named in the return of service. The trial court, therefore, properly examined the return of service and defendant's affidavit in determining that the October 31, 1979, order was void for lack of jurisdiction over defendant. See *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 366 N.E.2d 1015.

Based on the preceding analysis we could dismiss the appeal without further discussion. We will address plaintiff's main theory on appeal, however, because he apparently believes defendant waived the right to challenge the defect in service. Plaintiff takes the position that the default judgment is merely voidable and that defendant's error was to file an extraneous section 72 petition along with his special appearance to quash summons pursuant to section 20 of the Civil Practice Act. Plaintiff relies on the principle that a party who wishes to contest a court's jurisdiction over him at the commencement of a lawsuit must enter a special appearance, limited to the question of jurisdiction. (Ill. Rev. Stat. 1979, ch. 110, par. 20(1).) A general appearance waives defects in service since the party is voluntarily submitting to the court's jurisdiction. Moreover, if a party contests jurisdiction pursuant to a special appearance and raises matters which go beyond the jurisdictional issue, he transforms his "special" appearance into a general one. (See Ill. Rev. Stat. 1979, ch. 110, par. 20(1).) In the instant case, however, defendant did not somehow validate the void default judgment by filing the superfluous section 72 petition, as plaintiff contends. Discussing a similar argument in *Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 597, 404 N.E.2d 537, 539, we noted that such a theory

"* * * misapprehends the nature of the special appearance and the point of section 20. That section does not create, much less make exclusive, a procedure for attacking a void judgment. Indeed, a special appearance is only indirectly a procedure for contesting jurisdiction; fundamentally, it is a device for avoiding jurisdiction. A general appearance submits to the jurisdiction of the court—prospectively. The special appearance enables a party to present his challenge to jurisdiction without thereby creating it and waiving the point. *But a general appearance does not submit to the court's jurisdiction retroactively; it does not validate previous orders entered without jurisdiction. (Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 366 N.E.2d 1015; see Ill. Rev. Stat. 1977, ch. 110, par. 20 ("Every appearance, *prior to judgment*, not in compliance with the foregoing is a general appearance" (emphasis added).) Contra, *Farley v. Blackwood* (1978), 56 Ill. App. 3d 1040, 372 N.E.2d 921 (alternative holding).) There is therefore no need to file a special and limited

appearance in challenging past jurisdiction, unless, of course, one wishes to contest the court's prospective jurisdiction as well." (Emphasis added.)

■■■ Defendant, of course, is not contesting the trial court's prospective jurisdiction over the controversy; his section 20 motion and section 72 petition simply attack the validity of the October 31, 1979, default judgment against him. We conclude that the trial court acted properly in setting aside the default judgment for voidness and permitting defendant to answer the complaint. Because the July 28, 1980, vacation order left the litigation pending, we further hold that it was not a final and appealable order. We therefore dismiss this appeal.

Appeal dismissed.

LORENZ and MEJDA, JJ., concur.