656 P.2d 1166 (1983)
R.F. CROTTEAU, Appellant (Defendant),
Lawrence Burzynski, and Park Developments, Ltd., a Wyoming limited corporation, (Defendants),
v.
Linda Sue IRVINE, Appellee (Plaintiff).
No. 5735.
Supreme Court of Wyoming.
January 11, 1983.
*1167 James Richard McCarty, Casper, for appellant.
Richard H. Peek, Casper, for appellee.
Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.
BROWN, Justice.
Appellee Irvine filed a complaint in district court on January 28, 1982, against numerous defendants, one of whom was appellant, R.F. Crotteau. The sheriff of Natrona County made service on appellant by leaving a copy of the summons and complaint with Lawrence Burzynski, at 3521 East 24th, Casper, Wyoming. A default judgment against appellant was entered on March 26, 1982. Appellant filed a motion to set aside the default judgment, alleging that she had not been properly served with process. After hearing, the district court entered an order denying the motion to set aside default judgment. Appellant has appealed from that order.
We affirm.
Rule 4(d)(1), Wyoming Rules of Civil Procedure provides:
"(d) Personal service.  The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
"(1) Upon an individual other than an infant under 14 years of age or an incompetent person, by delivery of a copy of the summons and of the complaint to him personally, or by leaving copies thereof at his dwelling house or usual place of abode with some member of his family or person in his employ over the age of 14 years, or at the defendant's usual place of business with any employee then in charge of such place of business, or by delivery thereof to an agent authorized by appointment or by law to receive service of process."
The sheriff's return of process stated that he served a copy of the summons and complaint by delivering a copy of them on February 19, 1982,
"* * * to R.F. Crotteau by leaving a copy with Lawrence Burzinski, [sic] at 3521 East 24th, Casper, Wyoming, personally and in person, a person over the age of 14 years, residing at 3521 East 24th, Casper, Natrona County, Wyoming at 9:05 p.m."
Appellant was not present at the hearing on the motion to set aside the default judgment. Instead, she relied on her affidavit attached to the motion. The affidavit stated that she was a defendant over the age of fourteen years and competent on February 19, 1982, and that the complaint was not delivered to her personally. The affidavit also stated:
"5. That a copy of the complaint was not left at my house or usual place of abode with some member of my family or person in my employ over the age of 14 years.
"6. That a copy of the complaint was not left at my usual place of business or delivered to an agent authorized by appointment or by law to receive service of process.
"7. That I did not live at or reside in the residence at 3521 East 24th, Casper, Wyoming on February 19, 1982.
"8. That Lawrence Burzynski has never been appointed by me or my agent for accepting service of process."
*1168 Rule 4(d)(1), W.R.C.P., is similar to Rule 4(d)(1), Federal Rules of Civil Procedure. Under the federal cases, the burden of proof to establish the validity of the service is on the party on whose behalf the service is accomplished. See 4 Wright and Miller, Federal Practice and Procedure, § 1083, p. 384 (1969), and cases cited therein. Normally, however, the process server's return will provide a prima facie case as to the facts of service, and the burden shifts to the defendant to rebut the proof. San Rafael Compania Naviera, S.A. v. American Smelting & Refining Company, 327 F.2d 581 (9th Cir.1964). The defendant has to overcome the proof by strong and convincing evidence. Hicklin v. Edwards, 226 F.2d 410 (8th Cir.1955).
The law in state courts appears to be mostly in accord. In some states, courts have interpreted the service of process rules to mean that compliance with the prescribed procedure establishes a presumption of validity. See Caudle v. Ellison, Ala., 401 So.2d 38 (1981); and Trammel v. National Bank of Georgia, 159 Ga. App. 850, 285 S.E.2d 590 (1981). Other courts have held the same, although this court could not discern whether a rule actually established the presumption, or whether the appellate courts had interpreted a rule of procedure or a statute to establish the presumption. See: Plonski v. Halloran, 36 Conn.Super. 335, 420 A.2d 117 (1980); Tropic Builders, Ltd. v. Naval Ammunition Depot Lualualei Quarters, Inc., 48 Haw. 306, 402 P.2d 440 (1965); Wilson v. Upton, Okl., 373 P.2d 229 (1962).
Other states have held or have rules which say that the presumption of service which normally arises does not arise when an individual defendant is not served in person, or where a direct attack is made on a default judgment. People v. Mickow, 58 Ill. App.3d 780, 16 Ill.Dec. 306, 374 N.E.2d 1081 (1978); and Gerland's Food Fair, Inc. v. Hare, Tex.Civ.App., 611 S.W.2d 113 (1980). Yet other courts have held that although a presumption is rebuttable, the uncorroborated testimony of a defendant alone is not sufficient to impeach the return. Goldfarb v. Roeger, 54 N.J. Super. 85, 148 A.2d 189 (1959); and Ashe v. Spears, 263 Md. 622, 284 A.2d 207 (1971), cert. denied, 406 U.S. 958, 92 S.Ct. 2061, 32 L.Ed.2d 344 (1972). A minority of states hold that a sheriff's return is conclusive and cannot be attacked extrinsically absent a showing of fraud. This rule finds its basis in the presumption that the sheriff properly executes those duties authorized by law. See Schwarz v. Schwarz, 252 Pa.Super. 95, 380 A.2d 1299 (1977).
This court has not ruled upon any presumption concerning the sheriff's return. It has ruled that the trial court may take evidence to supplement the return of service when the return filed with the court is insufficient to show proper service. L.C. Jones Trucking Co. v. Superior Oil Co., 68 Wyo. 384, 234 P.2d 802 (1951). In that case, a Mr. Shaw was one of the defendants. The return stated that the sheriff had delivered the summons at defendant's usual place of residence by leaving it with Mrs. Shaw, a party over the age of 16. This court held that where the return of service showed the service was defective, the trial court could find as a matter of fact that service was made upon the defendant by serving a member of the defendant's family at his usual place of abode.
In Bryant v. Wybro Federal Credit Union, Wyo., 544 P.2d 1010 (1976), the certificate of the sheriff stated that the person who was served claimed to be the agent for the defendant. The trial court heard evidence in a motion to set aside a default judgment, and found that there was no evidence produced that Henderson, the person served, had ever been authorized as agent for service. This court looked at the record and accepted the trial court's finding that there was an absence of agency or authorization. It would appear that this court implictly held that the party asserting the validity of the service had the burden of proof, and that no presumption of validity attached to the sheriff's certificate. We quoted the trial court:
"* * * There is no testimony of agency here, or of authorization. * * *" 544 P.2d at 1011.
*1169 In view of the implicit finding in Bryant v. Wybro Federal Credit Union, supra, we hold that the party asserting the validity of the service bears the burden of proof, and that no presumption attaches, in the case of substituted service, to shift the burden.
If service is made in a manner not authorized by law, the judgment is void because the trial court is without jurisdiction. Such a judgment is subject to direct or collateral attack. Bryant v. Wybro Federal Credit Union, Wyo., supra; and Pease Brothers, Inc. v. American Pipe & Supply Co., Wyo., 522 P.2d 996 (1974). Although the question whether the trial court had jurisdiction is one of law, certain of the determinations which were made by the trial court here were determinations of fact. The trial court found that on February 19, 1982, the date of service, the dwelling house or usual place of abode of appellant was at 3521 East 24th Street in Casper. The trial court also found that Lawrence Burzynski was a member of appellant's family and was residing at 3521 East 24th Street in Casper on February 19, 1982. We will use the usual standard for reviewing these findings of fact made by the trial court, and will thus assume that the evidence in favor of the successful party below was true and will leave out of consideration the evidence of the unsuccessful party that conflicts with it.[1] We will also give the successful party's evidence every favorable inference that may be fairly and reasonably drawn from it. Madrid v. Norton, Wyo., 596 P.2d 1108 (1979).
On the factual issues of place of residence and the relationship between appellant and Mr. Burzynski, appellee Irvine presented evidence that Mr. Burzynski was appellant's stepfather. She also presented evidence that the residence at 3521 East 24th in Casper had been turned over to the appellant, her mother, and Lawrence Burzynski on January 20, 1982, before service, under a lease and option to purchase agreement executed by appellant and her mother. An employee of the telephone company testified that there was a transfer to install service on January 18, 1982, at 3521 East 24th in Casper to a Larry Burzynski. Appellee's Exhibit 6 then showed a record order made on February 2, 1982, to change the service billing from Larry Burzynski to appellant. Exhibit 8 was another transfer of service on March 30, 1982, where service was stopped at the residence on 24th Street and moved to another residence. The lease signed by appellant showed appellant as a tenant and showed that rent had been paid through the month of February, 1982. Based on this evidence, we agree with the trial court's factual findings that Mr. Burzynski was a member of appellant's family over the age of fourteen, and that both Mr. Burzynski and appellant resided at 3521 East 24th, Casper, when the summons for appellant was served on Mr. Burzynski.
Based on those factual findings which were supported by the evidence, we find that service of process was properly made on appellant. We therefore hold that the trial court had jurisdiction to enter the default judgment against appellant.
Affirmed.
NOTES
[1] The question of whether the trial court improperly considered the affidavit as evidence was not raised and does not need to be decided for the purpose of this appeal. We do not know whether the trial court considered the affidavit at all. Whether it did or did not, it is obvious that the trial court believed appellee's evidence, and that appellee's evidence was sufficient to support the findings.