*In re* PARENTAGE OF G.D.M., a Minor (The People *ex rel.* Deena Cole, Petitioner-Appellee, v. Roger Paul Miller, Respondent-Appellant).

Third District   No. 3—90—0820

Opinion filed October 4, 1991.—Rehearing denied November 7, 1991.

SLATER, J., dissenting.

Philip M. Pollock, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Deena Cole, filed a petition to determine the existence of a father/child relationship between the respondent, Roger Paul

Miller, and her minor child, G.D.M. An assistant State's Attorney was assigned to the case, and he voluntarily dismissed the action. Subsequently, that order was held void by the trial judge. The respondent appeals.

The record shows that on September 22, 1987, an assistant State's Attorney filed a voluntary motion to dismiss the petitioner's complaint. On that date, Judge Bode granted the motion. Thereafter, on September 7, 1988, the State, pursuant to section 2—1401 (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401), filed a motion to vacate the order of dismissal. The motion incorporated the alternative methods of relief provided in that statute. That is, it requested relief under all the subsections, including subsection (f), which provides for relief from void orders.

The State argued that the order was void because no notice of the motion had ever been given to the parties, thereby depriving Judge Bode of the authority to enter such an order. Following a hearing, the trial court found that Judge Bode had no authority to enter an order dismissing the case on September 22, 1987, and as such, the order was void.

On appeal, the State argues that this appeal should be dismissed because we lack jurisdiction over the case since no final, appealable order has been entered. The State notes that it is well settled that an order vacating a judgment because the judgment was void is not appealable. (*Mabion v. Olds* (1967), 84 Ill. App. 2d 291, 228 N.E.2d 188.) Such an order simply leaves the case pending and, as such, it is an order which is not final in character. (*Alexander v. Burke* (1972), 6 Ill. App. 3d 919, 287 N.E.2d 53.) The respondent counters, however, that this court has jurisdiction to determine whether the original judgment was in fact void.

We note that if, for jurisdictional purposes, we were to review the original judgment to determine whether it was in fact void, we would in effect be deciding the merits of the appeal. This is so because the only issue raised by the respondent on appeal is whether the trial court properly reinstated the petitioner's suit. Thus, the respondent's position would create a "chicken or the egg" situation which would render the holding in *Alexander* meaningless.

We therefore find that the trial court's order vacating the prior judgment as void had the effect of leaving the original action against the respondent pending. Accordingly, there is no final and appealable order from which we can obtain jurisdiction. We therefore have no choice but to dismiss the appeal. *Alexander v. Burke* (1972), 6 Ill. App. 3d 919, 287 N.E.2d 53.

This appeal from the circuit court of Peoria County is dismissed.

Dismissed.

HAASE, J., concurs.

JUSTICE SLATER, dissenting:

I do not agree that this court does not have jurisdiction. The State's motion to vacate was brought pursuant to section 2—1401 of the Civil Practice Act (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). It is clear that if the trial court had vacated the dismissal order on the basis of the section 2—1401 petition that order would be appealable notwithstanding the fact that it is not a final order. (134 Ill. 2d R. 304(b)(3).) The trial court, however, found that the dismissal order was void. The majority accepts this determination without question and, relying on the "well-settled" rule that an order vacating a void judgment is not appealable, dismisses the appeal. The majority's decision begs the question of whether the dismissal was in fact void. It appears to me that it was not. The court had both subject matter and personal jurisdiction when it dismissed the parentage petition. I would vacate the trial court's order and remand for a determination of the merits of petitioner's section 2—1401 petition.

With regard to the majority's "chicken or the egg" analysis, to the extent that it suggests that this court is precluded from determining whether jurisdiction exists because such a finding would address the merits of the appeal, I strongly disagree. First, the narrow jurisdictional inquiry is whether or not the dismissal order was void. If it was, the appeal should be dismissed; if it was not, then we should remand for a determination of the merits of petitioner's section 2—1401 petition. Second, under the majority's reasoning, a finding by the circuit court that a dismissal, *any* dismissal, is void precludes appellate review and forces the opposing party to continue with the litigation. This is so whether the dismissal was void or not because the majority is unwilling to examine the threshold question of voidness for fear of determining the merits of the appeal.

In my opinion the majority confuses the concept of jurisdiction over the appeal with that of this court's power to *determine* jurisdiction. While the former is limited by a variety of concerns (*e.g.*, avoidance of piecemeal appeals), the latter is inherent and plenary. This court is not deprived of its ability, indeed its obligation, to determine jurisdiction merely because the two may sometimes overlap. I respectfully dissent.