CHRISTOPHER DiNARDO et al., Plaintiffs-Appellants, v. DELORES LA-MELA, Defendant-Appellee.

Second District   No. 2—88—0243

Opinion filed June 6, 1989.

NASH, J., dissenting.

Daniel G. Lauer, of Loss & Pavone, of Oakbrook Terrace, for appellants.

No brief filed for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, State Farm Mutual Automobile Insurance, as subrogee of Christopher DiNardo, appeals from the trial court's order vacating a default judgment against defendant, Delores Lamela. Plaintiff contends the trial court was without jurisdiction to vacate the default judgment because defendant failed to comply with the statutory requirements of section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). Defendant has not filed a brief in this matter; however, we choose to decide the merits under the guidelines in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

Plaintiff filed a complaint in negligence against defendant alleging that she negligently drove her car causing an accident. A summons was returned not served. The reason stated was defendant moved. Notice was served to the Secretary of State under the substituted service provision set out in section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 10—301). That section provides for substituted service of process by serving the Illinois Secretary of State in cases where the claim arises from the use of a motor vehicle within Illinois and the defendant is a nonresident or subsequently becomes a nonresident. (Ill. Rev. Stat. 1987, ch. 95½, par. 10—301.) As required by section 10—301(b) of the Illinois Vehicle Code, plaintiff filed an affidavit of compliance with the statute which stated that defendant did not reside in Illinois; however, no facts were alleged to support this assertion. On November 26, 1986, defendant did not appear, and a default judgment was entered for $2,823.75.

On January 5, 1988, defendant filed *pro se* a motion entitled "Notice to Vacate." Defendant also filed *pro se* a notice of motion entitled "Reinstate." The motion stated in its entirety: "I moved to default defendant $2,823.75 [*sic*]." At the hearing on the motion January 26, 1988, the trial court *sua sponte* treated defendant's motion as a section 2—1401 motion under the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). The court heard defendant explain that she was not notified of any proceedings and did not become aware of the complaint or the default judgment against her until she learned that her driver's license was suspended. Defendant stated she was not at fault in the car accident, and she was not ticketed for the accident. Upon this representation, the court vacated the judgment, granting defendant 28 days to respond to the complaint. Plaintiff objected to the court's *sua sponte* treatment of the motion as a section 2—1401

petition. The objection was denied. On February 24, 1988, plaintiff filed a motion to reconsider which was denied. On March 14, 1988, plaintiff filed this appeal.

■ Plaintiff contends the court was without jurisdiction to decide a section 2—1401 motion because a section 2—1401 petition was not filed, and even assuming *arguendo* that a section 2—1401 petition had been filed, there was improper notice under section 2—1401. Before the merits of this issue can be addressed, we must first determine if we have jurisdiction to decide this issue. If neither party has questioned this court's jurisdiction, we have an obligation to raise it *sua sponte* and to dismiss the appeal if jurisdiction is lacking. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539.) For the reasons below, we find we have jurisdiction.

In order to resolve the question of our jurisdiction, it is necessary to first determine the nature of defendant's motion to the trial court. Defendant filed a *pro se* motion which stated in its entirety: "I moved to default defendant $2,823.75 [*sic*]." At the hearing defendant stated that she never received notice of the complaint against her. The trial court stated it was construing defendant's motion as a section 2—1401 motion and vacated the judgment. While the trial court gave no reason for vacating the judgment, we believe it is clear that it did so based on defendant's assertion that she was not served notice. We are aware defendant at the hearing also asserted that she was not at fault, but we do not find that this assertion altered defendant's main contention that she was not served notice. See *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 583-84.

■ ■ In order to obtain jurisdiction over the person of defendant, proper service of summons is required. (*Allied American Insurance Co. v. Mickiewicz* (1984), 124 Ill. App. 3d 705, 707.) Where a court does not have personal jurisdiction over the defendant, any order it enters against her is void *ab initio* and subject to direct or collateral attack at any time. (*R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309; *People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 71.) Moreover, the restrictions of section 2—1401 do not apply to or affect the right to relief from a void order; void judgments may be set aside by motion even after 30 days from rendition. (*R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309; *McGraw*, 136 Ill. App. 3d at 72.) One method of attacking the personal jurisdiction of the court is to file a special appearance with a motion to quash service of summons. (*R.W. Sawant & Co.*, 111 Ill. 2d at 310.) Since defendant's motion attacked the service of process, we find that the more accurate label for defendant's

motion is a motion to quash service of process, and we will construe it as such.

■■ In construing defendant's motion as a motion to quash service of process, we find we have jurisdiction of this appeal, though we recognize that the case law dealing with circumstances similar to this case is not in complete agreement. A review of the case law reveals one line of cases that holds an order quashing service is appealable (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569; *Lombardi v. Lombardi* (1961), 31 Ill. App. 2d 184; *Connaughton v. Burke* (1977), 46 Ill. App. 3d 602; *In re Marriage of Kelso* (1988), 173 Ill. App. 3d 746); however, another line of cases holds that where a judgment has been vacated because of improper service, it is not an appealable final judgment (*Mabion v. Olds* (1967), 84 Ill. App. 2d 291; *Alexander v. Burke* (1972), 6 Ill. App. 3d 919, 920; *Stankowicz v. Gonzalez* (1981), 103 Ill. App. 3d 828, 831).

■■ In our opinion, the latter line of cases are in error. These cases held that an order vacating a judgment because of improper service was not appealable because it merely left the litigation pending. In these cases, the trial court vacated the judgment because of improper service and then granted defendants leave to answer. (*Mabion*, 84 Ill. App. 2d at 294; *Alexander*, 6 Ill. App. 3d at 920; *Stankowicz*, 103 Ill. App. 3d at 830.) We first point out that the lower court resolutions in these cases, as well as in the instant case, are awkward and procedurally incorrect. In vacating the judgments because of improper service, the lower courts either expressly or in effect quashed the service of process. (*Mabion*, 84 Ill. App. 2d at 294; *Alexander*, 6 Ill. App. 3d at 920; *Stankowicz*, 103 Ill. App. 3d at 830.) In so doing, the courts should not have required defendants to answer since there was no effective service requiring an answer. The appellate courts did not recognize this inconsistency. It is our belief that the appellate courts should not have dismissed the appeals for want of appellate jurisdiction since the lower courts were granting relief by quashing the service of process and the Illinois Supreme Court has held that an order granting a motion to quash service of process is an appealable judgment. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 577-78.) In *Brauer*, the court stated:

"It is true, the order, in form, was only an order quashing the service of summons. It was not an order dismissing the suit, nor was it in the form of a final judgment on the merits. Regardless of its form, however, it was a complete and final disposition of the case, based upon the conclusion the court had reached that appellee was not amenable to the service of pro-

cess in the manner in which the summons was served. On that issue it was not only as effectual and conclusive but it was as final as any decision upon the merits. The result was the same.

If it should be held that an order of this character is not appealable, then there would be no method by which a plaintiff could obtain a review of an order of the trial court quashing the service of process." (*Brauer*, 383 Ill. at 577-78.)

In light of the reasoning in *Brauer*, we hold in cases where the judgment is vacated due to improper service that the effect of that order is to quash the service of process and an appeal may be had from this order.

■ Turning to the issue raised by plaintiff's appeal, we find no merit to plaintiff's contention that the trial court was without jurisdiction to vacate the default judgment because defendant failed to comply with section 2—1401 requirements (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). As already stated, a motion attacking a judgment as void for want of jurisdiction is not bound by section 2—1401 constraints. (*R.W. Sawant & Co.*, 111 Ill. 2d at 309; *McGraw*, 136 Ill. App. 3d at 72.) In our opinion it is evident defendant's oral motion asserted an attack against the jurisdiction of the trial court. Furthermore, the record supports the trial court's order to vacate the default judgment.

■ The record shows defendant was not personally served with a summons; it was returned by the sheriff indicating that defendant moved. The record also includes an alias summons served on the Secretary of State. Section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 10—301) provides for substituted service of process by serving the Illinois Secretary of State in cases where the claim arises from the use of a motor vehicle within this State and the defendant is a nonresident or subsequently becomes a nonresident (Ill. Rev. Stat. 1987, ch. 95½, par. 10—301(a)). In addition to serving the Secretary of State, the plaintiff is required to send a copy of the summons by certified mail to defendant's last known address, and plaintiff must file an affidavit of compliance with the statute. (Ill. Rev. Stat. 1987, ch. 95½, par. 10—301(b).) A party claiming substituted service under this statute must demonstrate strict compliance with every requirement of the statute. (*Allied American Insurance Co. v. Mickiewicz* (1984), 124 Ill. App. 3d 705, 708.) Substituted service will confer no jurisdiction over a person who is an Illinois resident. *Allied American Insurance Co.*, 124 Ill. App. 3d at 708.

■ Plaintiff filed an affidavit of compliance stating that defendant does not reside in Illinois. No facts were alleged to support this

belief. We find this affidavit insufficient to establish that defendant was a nonresident of Illinois. In a similar case, the court in *Allied American Insurance Co.* held that the affiant must have some information from others upon which he or she may reasonably conclude that defendant is a nonresident of Illinois. *Allied American Insurance Co.*, 124 Ill. App. 3d at 709.

In this case, nothing in the record indicates that the affiant had any information to reasonably conclude that defendant was a nonresident. The only evidence in the record comes from the sheriff's return, which merely states that defendant moved. There is no mention that defendant moved out of State. In *Allied American Insurance Co.*, the court found the statements made on the sheriff's return, including: "not found," "wrong address," "moved and left no forwarding address," insufficient to support the affiant's assertion that defendant was a nonresident. The court stated:

"We do not believe this constitutes the type of information upon which one may leap to the conclusion that defendant is a nonresident of Illinois." (*Allied American Insurance Co.*, 124 Ill. App. 3d at 709.)

As in *Allied American Insurance Co.*, we find the affidavit in this case fails to reasonably establish that defendant was a nonresident.

■ We recognize that defendant here did not file a special and limited appearance, as was the case in *Brauer* (383 Ill. 569) and *R.W. Sawant & Co.* (111 Ill. 2d 304), but such an appearance is not required when a party attempts to set aside a void judgment subsequent to the entry of the judgment. *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1142.

■ In summary, we conclude that there is no merit to plaintiff's issue on appeal that the court was without jurisdiction to vacate the default judgment since the record establishes that the court properly vacated a void judgment due to want of jurisdiction.

Affirmed.

REINHARD, J., concurs.

JUSTICE NASH, dissenting:

The appeal in this case is not from a final order, and it should be dismissed.

In addition to the facts noted in the opinion, other matters not there mentioned are necessary to the correct resolution of this appeal. On January 26, 1988, at the hearing of defendant's motion to vacate

the default judgment entered against her, the trial court did vacate it for lack of proper service on defendant. The court also stated, however, that it treated defendant's general appearance at that hearing as voluntary and gave her 21 days to respond to plaintiff's complaint. At a subsequent hearing on March 7, 1988, of plaintiff's motion for reconsideration and to determine the status of the case, the court denied plaintiff's motion, then noted defendant had not yet responded to the complaint. Plaintiff's counsel stated he had no objection to giving defendant an additional 28 days to answer the complaint, and the court extended that time to April 6, 1988, and continued the case to 10 a.m. on that day.

On March 14, 1988, plaintiff filed its notice of appeal, and on March 25, 1988, defendant filed her answer to plaintiff's complaint. Plaintiff's counsel did not appear at the April 6 setting of the case; defendant did appear and advised the court that her answer had been filed. The record further discloses that on April 6, 1988, the case was dismissed by the trial court for want of prosecution.

In my view, defendant made a general appearance in the case on January 27, 1988, when she sought, and secured, the vacation of the void default judgment against her. The trial court found that to be evident and, after correctly vacating the judgment, gave defendant time to respond to the complaint. At the March 7 status hearing, plaintiff's counsel tacitly acknowledged that too was his understanding when he agreed defendant should have additional time to file her answer. Defendant made no objection to the jurisdiction of the court over her in any of these proceedings and did file her responsive answer to the complaint within the additional time allowed. Plaintiff's notice of appeal in these circumstances would not give jurisdiction to this court to review, at this time, plaintiff's claims of error.

The majority rely upon *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, as authority for this court to hold that "in cases where the judgment is vacated due to improper service that the effect of that order is to quash the service of process and an appeal may be had from this order." (183 Ill. App. 3d at 1103.) *Brauer,* however, must be distinguished from the present case, as there the defendant made a special and limited appearance to contest the jurisdiction of the court when the judgment was entered and did not otherwise submit to its jurisdiction. The majority recognizes here that defendant did not make a special appearance, but finds such is not required when a party seeks to set aside a void judgment which has been entered, citing *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1142.

I do not agree with the majority's understanding of the holding in *Sullivan v. Bach*, which only stands for the long-established proposition that a general appearance made after judgment to challenge the jurisdiction of the court to enter it will not act to retroactively validate a judgment void when entered. (100 Ill. App. 3d at 1141.) This court in *Sullivan v. Bach* also noted "[t]here is no need to file a special and limited appearance in challenging past jurisdiction unless one wishes to contest the court's prospective jurisdiction as well." 100 Ill. App. 3d at 1141-42; see *Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 597.

There can be no question in the present case that the general appearance by defendant did not validate the prior void judgment against her, which was then correctly vacated, and, in my view, there is also no doubt that she submitted personal jurisdiction to the trial court for prospective proceedings in the case. Both of the parties, and the trial court, appear to acknowledge that status of the defendant in the case, and it apparently pends on plaintiff's complaint and defendant's answer in the trial court and may not now be appealed for lack of a final order. The issue here may also be moot, as after plaintiff filed its premature notice of appeal, plaintiff's complaint was dismissed in the trial court for want of prosecution and no appeal has been taken from that judgment.

On the record presented, I would dismiss plaintiff's appeal.