RONALD CAVANAUGH, Plaintiff-Appellant, v. LANSING MUNICIPAL AIRPORT, Defendant (The Village of Lansing, Defendant-Appellee).

First District (4th Division)   No. 1—96—1260

Opinion filed May 1, 1997.

Jerome A. Tatar, of Richter & Jaros, of Oak Brook, for appellant.

Ronald S. Cope, Mark A. Balkin, and Jon B. Kennett, all of Ancel, Glink, Diamond, Cope & Bush, P.C., of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Ronald Cavanaugh, appeals from the trial court's order quashing service and vacating a default judgment against defendant, Village of Lansing (Village). The trial court ruled that plaintiff did not comply with the requirements of section 2—211 of the Code of Civil Procedure (Code) (735 ILCS 5/2—211 (West 1994)) for proper service on the Village and, without proper service, the judgment order is void. The relevant facts are as follows.

On January 27, 1993, plaintiff filed a complaint naming as defendants "Lansing Municipal Airport" and "the Village of Lansing." Plaintiff's allegations collectively referred to defendants as "Lansing." Plaintiff alleged that, on October 22, 1989, his airplane was damaged on a runway at the airport when one wheel of the plane fell into a hole. Plaintiff alleged that the hole was caused "when Lansing had removed a light standard from the runway." Plaintiff sought $66,520 in damages.

Two summons were issued on January 27, 1993. One instructed the sheriff to serve "Lansing Municipal Airport," with a street address. The other summons requested service on "Village of Lansing," with a street address. On February 1, 1993, a sheriff's deputy served "Bob Malkas, Agent," at the airport administration office, and "Darlene Goncher, Agent," at the office of the Village clerk. At that time, Katherine Dahlkamp was the Village clerk, and Robert West was the president of the board of trustees of the Village.

On February 3, 1993, Dahlkamp sent a letter to the insurance companies for the Village along with copies of both the summons and the complaint. Dahlkamp intended for insurance defense to be provided for both Lansing Municipal Airport and the Village. Counsel filed an appearance only on behalf of Lansing Municipal Airport, however, and argued that plaintiff's claim was barred by the one-

year statute of limitations set forth in the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8—101 (West 1994)). On July 8, 1993, Judge Kenneth Gillis dismissed with prejudice plaintiff's claim against Lansing Municipal Airport. The order further stated that "[t]his cause shall continue to pend as to the co-defendant Village of Lansing."

Plaintiff moved for default judgment against the Village. Although plaintiff filed a notice of motion and a notice of filing, neither was served on the Village. On July 14, 1993, without any prove up, default judgment was granted in favor of plaintiff and against the Village in the amount of $66,520. Plaintiff did not provide the Village with notice of the default judgment.

On October 16, 1995, plaintiff's counsel sent the Village a letter demanding payment on the default judgment. The letter stated: "Given that more than two (2) years has [sic] elapsed since such judgment, the judgment is final and not appealable." The Village thereafter filed a special and limited appearance, a "Motion to Quash Service and Vacate Default Judgment," a "Motion to Correct Misnomer," and a "Rule 183 Motion for Extension of Time" to file a petition for relief from judgment pursuant to section 2—1401 of the Code (735 ILCS 5/2—1401 (West 1994)).

On March 12, 1996, Judge Julia Nowicki granted the Village's motion to quash and vacated the default judgment on the grounds that plaintiff did not comply with the requirements for proper service on the Village. Specifically, the court held that plaintiff failed to serve either the Village clerk or the president of the Village board of trustees as required by section 2—211 of the Code (735 ILCS 5/2—211 (West 1994)), and without valid service of process, the judgment is void. This appeal followed.

██ While the parties do not raise the issue, we will first discuss our jurisdiction over this matter. This court is obligated to consider its own jurisdiction *sua sponte. Salemi v. Klein Construction Co.*, 266 Ill. App. 3d 110, 639 N.E.2d 629 (1994). The jurisdiction of the appellate court is limited to review of appeals from final judgments or orders, subject to certain statutory or supreme court exceptions. *In re Petition to Incorporate the Village of Greenwood*, 275 Ill. App. 3d 465, 655 N.E.2d 1196 (1995). The fact that an order contains the requisite language that there is no just reason for delay in enforcement or appeal does not make a nonfinal order appealable. *Rice v. Burnley*, 230 Ill. App. 3d 987, 596 N.E.2d 105 (1992). A judgment is considered "final" if it finally disposes of rights of parties either upon an entire controversy or upon some definite and separate branch thereof. *Board of Trustees of Community College District No. 508 v. Rosewell*, 262 Ill. App. 3d 938, 635 N.E.2d 413 (1992).

■ Here, the trial court's order set forth a special finding that "[t]here is no just reason to delay enforcement or appeal of this order," and plaintiff filed a timely notice of appeal. Yet, our research has revealed a split among Illinois courts as to whether an order quashing service is final and appealable. While some appeals have been dismissed on the grounds that such an order is interlocutory and not appealable (*Nelson v. United Airlines, Inc.*, 243 Ill. App. 3d 795, 612 N.E.2d 980 (1993); *Stankowicz v. Gonzalez*, 103 Ill. App. 3d 828, 431 N.E.2d 1272 (1981); *Alexander v. Burke*, 6 Ill. App. 3d 919, 287 N.E.2d 53 (1972); *Mabion v. Olds*, 84 Ill. App. 2d 291, 228 N.E.2d 188 (1967)), other decisions, including one by the Illinois Supreme Court, have determined that an order quashing service is final and appealable (*Brauer Machine & Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569, 50 N.E.2d 836 (1943); *DiNardo v. Lamela*, 183 Ill. App. 3d 1098, 539 N.E.2d 1306 (1989); *In re Marriage of Kelso*, 173 Ill. App. 3d 746, 527 N.E.2d 990 (1988); *Connaughton v. Burke*, 46 Ill. App. 3d 602, 361 N.E.2d 87 (1977)). In *DiNardo*, the second district of this court noted the disagreement among Illinois courts, but as we must do here, elected to follow the supreme court's reasoning in *Brauer*. *DiNardo*, 183 Ill. App. 3d at 1103, 539 N.E.2d at 1309. In *Brauer*, the supreme court stated:

"It is true, the order, in form, was only an order quashing the service of the summons. It was not an order dismissing the suit, nor was it in the form of a final judgment on the merits. Regardless of its form, however, it was a complete and final disposition of the case, based upon the conclusion the court had reached that appellee was not amenable to the service of process in the manner in which the summons was served. On that issue it was not only as effectual and conclusive but it was as final as any decision upon the merits. The result was the same.

If it should be held that an order of this character is not appealable, then there would be no method by which a plaintiff could obtain a review of an order of the trial court quashing the service of process." *Brauer*, 383 Ill. at 577-78, 50 N.E.2d at 841.

Based on this language in *Brauer*, the *DiNardo* court held that "in cases where the judgment is vacated due to improper service *** the effect of that order is to quash the service of process and an appeal may be had from this order." *DiNardo*, 183 Ill. App. 3d at 1103, 539 N.E.2d at 1309; see also *Marriage of Kelso*, 173 Ill. App. 3d at 749, 527 N.E.2d at 991 ("an order granting a motion to quash service of process is a final and appealable order"). Notwithstanding that other decisions have overlooked *Brauer* or deferred to the trial court's desire to retain jurisdiction (*Nelson*, 243 Ill. App. 3d 795, 612 N.E.2d

980; *Stankowicz*, 103 Ill. App. 3d 828, 431 N.E.2d 1272; *Alexander*, 6 Ill. App. 3d 919, 287 N.E.2d 53; *Mabion*, 84 Ill. App. 2d 291, 228 N.E.2d 188), we hold, as in *DiNardo*, that the trial court's order vacating the default judgment due to improper service was final and appealable.

■ Turning to the parties' arguments on appeal, the relevant statute is section 2—211 of the Code (735 ILCS 5/2—211 (West 1994)), which states:

> "In actions against public, municipal, governmental or quasi-municipal corporations, summons may be served by leaving a copy with the chairperson of the county board or county clerk in the case of a county, with the mayor or city clerk in the case of a city, *with the president of the board of trustees or village clerk in the case of a village*, with the supervisor or town clerk in the case of a town, and with the president or clerk or other officer corresponding thereto in the case of any other public, municipal, governmental or quasi-municipal corporation or body." (Emphasis added.) 735 ILCS 5/2—211 (West 1994).

Plaintiff contends that the Village waived any argument concerning the requirements of section 2—211 and that the default judgment should stand. Plaintiff stresses that Dahlkamp, the Village clerk, sent a letter with a copy of the summons and complaint to the Village's insurance companies two days after an employee in her office was served. Plaintiff further argues that the general appearance filed on behalf of Lansing Municipal Airport constituted a waiver of the Village's service argument. The Village responds that it is undisputed that plaintiff served neither the Village clerk nor the president of the board of trustees of the Village as required by section 2—211, and it is irrelevant that Dahlkamp had actual knowledge of plaintiff's lawsuit. The Village further maintains that "[i]f the appearance of the Lansing Municipal Airport, which is not a legal entity, but a facility owned by the Village of Lansing, is deemed the appearance of the Village, the defense of the Lansing Municipal Airport, and its dismissal based on Tort Immunity Act grounds, was in fact the defense and dismissal of the Village of Lansing." Finally, the Village urges that plaintiff had already settled with his insurance company and released any further claims arising from this incident long before filing this action.

In quashing service and vacating the default judgment, the trial court relied on *Miller v. Town of Cicero*, 225 Ill. App. 3d 105, 590 N.E.2d 490 (1992). In *Miller*, the plaintiff sued several defendants, including the Village of Stickney. A deputy sheriff left a copy of the summons with Lillian Rotrekl, an employee in the office of the vil-

lage clerk of Stickney. The return stated that the sheriff served the summons " '[b]y leaving a copy with Lillian Rotrekl, agent of said defendant.' " *Miller*, 225 Ill. App. 3d at 106, 590 N.E.2d at 491. Following the entry of default judgment against it, Stickney filed a special and limited appearance and moved to quash service and vacate the default judgment. This court reversed the trial court's denial of the motion to quash, stating:

> "[T]he statute provides that with respect to a village, service must be made to the president of the board of trustees or the village clerk. [Citation.] Plaintiff served Lillian Rotrekl, an office clerk with general clerical duties. The parties do not dispute that Rotrekl was not the president of the board of trustees or the village clerk of Stickney. Thus, the service was obviously not in compliance with the plain language of the statute." *Miller*, 225 Ill. App. 3d at 110, 590 N.E.2d at 493-94.

It was also noteworthy in *Miller* that the plaintiff "made no attempt to ascertain the proper person for service and include appropriate directions for the sheriff on the summons." *Miller*, 225 Ill. App. 3d at 114, 590 N.E.2d at 496. The summons simply gave the name "Village of Stickney," with a street address.

This court recognized in *Miller* that our holding seemed to stress " 'technicalities rather than the realities of the situation,' " since there was no claim from Stickney that it did not receive the service of summons. *Miller*, 225 Ill. App. 3d at 113, 590 N.E.2d at 495. Yet, we concluded that this was a concern for the legislature, since a court must enforce the unambiguous and plain language of a statute. *Miller*, 225 Ill. App. 3d at 113, 590 N.E.2d at 495; see also *Mauro v. County of Winnebago*, 282 Ill. App. 3d 156, 159, 668 N.E.2d 619, 621 (1996) ("[n]othing in the plain language of section 2—211 provides that the county clerk is the agent of the sheriff for the purpose of receiving service of process").

The present case is indistinguishable from *Miller*. As in *Miller*, the summons here merely instructed the sheriff to serve "Village of Lansing," with a street address. It is also undisputed that the individual served, Darlene Goncher, is neither the Village clerk nor the president of the board of trustees. It is clear from *Miller* that service on an employee of a village clerk is not proper service, regardless of whether the village clerk later obtains actual knowledge of the lawsuit. We therefore cannot conclude that Dahlkamp's letter to the Village's insurance companies constituted a waiver of the argument that plaintiff failed to comply with section 2—211. The trial court properly determined that the Village was not amenable to the service of process in the manner in which the summons was served.

■ Having concluded that *Miller* is directly on point, we further note that the case plaintiff relies upon is readily distinguishable. In *Acosta v. Burris*, 47 Ill. App. 2d 201, 197 N.E.2d 757 (1964), the defendant was unsuccessful in seeking to vacate a default judgment for improper service where the bailiff's return stated that the defendant had been personally served and the defendant failed to overcome this *prima facie* evidence. Indeed, the bailiff himself testified that he knew defendant for two years prior to serving him and identified him in open court as the individual he had served. *Acosta*, 47 Ill. App. 2d at 203, 197 N.E.2d at 758. Thereafter, the court mentioned the defendant's lack of due diligence and that he had tendered the case to his insurance company. *Acosta*, 47 Ill. App. 2d at 204, 197 N.E.2d at 758. Nevertheless, it is well settled that a party attacking a judgment for lack of personal jurisdiction due to defective service of process is not held to the due diligence requirements of a section 2—1401 (735 ILCS 2—1401 (West 1994)) petition for relief from judgment. *State Bank v. Thill*, 113 Ill. 2d 294, 497 N.E.2d 1156 (1986); *Dec v. Manning*, 248 Ill. App. 3d 341, 618 N.E.2d 367 (1993); *DiNardo*, 183 Ill. App. 3d at 1102, 539 N.E.2d at 1308. This is because a party seeking to vacate a judgment due to improper service is alleging that the judgment is void, and section 2—1401 does not "affect[ ] any existing right to relief from a void order or judgment." 735 ILCS 5/2—1401(f) (West 1994). Accordingly, we need not concern ourselves with whether the Village exercised due diligence.

■ We also reject plaintiff's argument that the Village waived any defect in service through the general appearance filed on behalf of Lansing Municipal Airport. Plaintiff urges that, if the airport is not a legal entity and merely a facility owned and operated by the Village, then the appearance of the attorney on behalf of Lansing Municipal Airport amounted to a general appearance on behalf of the Village. Yet, if we accept plaintiff's argument, we would also be inclined to agree with the Village that the next step is to hold that the dismissal of Lansing Municipal Airport as a defendant was a dismissal of the Village, especially where plaintiff himself collectively referred to defendants as "Lansing" throughout his complaint and appellate briefs. Nevertheless, what plaintiff essentially is asking us to do is to uphold the default judgment in his favor on the grounds that the Village *really did appear*, even though plaintiff actually secured the default judgment against the Village by arguing to the trial court that the Village *never appeared*. This argument is not one we can comfortably accept or logically digest.

In short, we see no need to go beyond the clear and unambiguous facts in the record. The only general appearance in the record was

filed on behalf of "Lansing Municipal Airport." On July 8, 1993, the trial court dismissed Lansing Municipal Airport as a defendant, and the court's order specifically stated that "[t]his cause shall continue to pend as to the co-defendant Village of Lansing." On July 14, 1993, plaintiff won a default judgment against the Village on the grounds that the Village had failed to appear and respond. Plaintiff did not give the Village notice of that default judgment until over two years later. Thereafter, the Village filed a special and limited appearance, the only appearance undeniably on its behalf, and moved to quash service and vacate the default judgment. Under section 2—211 and *Miller*, it is clear that plaintiff did not comply with the requirements for proper service on the Village, and without valid service, the trial court lacked personal jurisdiction over the Village, and the judgment is void. All of this the record supports. We decline to go any further by holding that the appearance of the airport was an appearance by the Village or that the dismissal of the airport was the dismissal of the Village. With the vacation of the default judgment, plaintiff's action against the Village still stands. Plaintiff will have the opportunity to pursue his action against the Village on the merits, and the Village will have the opportunity to set forth any affirmative defenses, including that plaintiff's action is time-barred or that plaintiff has already released all claims against the Village through an insurance settlement.

Accordingly, for the reasons set forth above, we hold that the trial court properly granted the Village's motion to quash service and vacate default judgment. The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WOLFSON, P.J., and CERDA, J., concur.