# Illinois Official Reports

## Appellate Court

---

### *Courts of Northbrook Condominium Ass'n v. Bhutani*,
### 2014 IL App (1st) 130417

---

| | |
|---|---|
| Appellate Court Caption | THE COURTS OF NORTHBROOK CONDOMINIUM ASSOCIATION, Plaintiff-Appellee, v. BALDEV BHUTANI, Defendant-Appellant (Ravat Bhutani and All Unknown Occupants, Defendants). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-0417 |
| Filed | March 14, 2014 |
| Rehearing denied | April 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a forcible entry and detainer action to evict defendant from his condominium, the judgment for plaintiff association was affirmed where the trial court had both subject matter and personal jurisdiction over defendant, who was properly served with a 30-day notice and the complaint and summons, the trial court did not abuse its discretion by binding and certifying a supplement to the record on appeal, defendant waived any claim that plaintiff breached its fiduciary duty to defendant as to several issues not germane to the forcible entry and detainer action, and defendant's *pro se* motion to compel plaintiff to comply with a prior order granting a stay of judgment was properly denied, since that stay was not violated. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-M1-716751; the Hon. David A. Skryd, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

No brief filed for appellant.

Jennifer L. O'Reilly, of Levenfeld Pearlstein, LLC, of Chicago, for appellee.

Panel

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices McBride and Palmer concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, the Courts of Northbrook Condominium Association, filed a forcible entry and detainer action to evict defendant townhouse co-owners Baldev Raj Bhutani and Ravat Bhutani, who is Baldev's son, and to collect unpaid assessment fees that defendants owed to plaintiff. Defendants did not appear in court and the trial court entered a default judgment against them. Afterwards, defendant Baldev Bhutani (defendant) filed a *pro se* general appearance and a *pro se* motion to vacate the default judgment, claiming a lack of service of process. The trial court granted defendant's *pro se* motion to vacate, but did not quash service. The case was set for trial, and the trial court entered a written order of possession and money judgment against defendant. The trial court then denied defendant's *pro se* motion to reconsider when defendant was not present, and it later denied defendant leave to file a second *pro se* motion to reconsider.

¶ 2    Defendant appealed, and a different panel of this court granted defendant's *pro se* motion for a stay of judgment pending this appeal. Defendant then filed a *pro se* motion to compel compliance with the prior panel's order granting a stay of judgment, claiming that the order entitled him to retake possession of the townhouse, which the plaintiff refused to give to him. Later, on its own motion, the prior panel remanded the case to the trial court for consideration of defendant's original *pro se* motion to reconsider since defendant was served notice of the hearing by email and claims he did not have the opportunity to argue the motion. After remand, the trial court heard arguments on defendant's original *pro se* motion to reconsider and it again denied defendant's motion. Defendant now appeals the second denial of his *pro se* motion to reconsider, and we have taken defendant's *pro se* motion to compel under advisement with the case.

¶ 3    On appeal, defendant argues that the case should be reversed and remanded for a new trial because: (1) the trial court lacked subject matter jurisdiction; (2) the trial court lacked personal jurisdiction; (3) the trial court abused its discretion when it granted plaintiff's motion to supplement the trial record; and (4) plaintiff breached its fiduciary duty to defendant. Additionally, defendant argues that plaintiff violated this court's March 5, 2013, order granting

a stay of judgment, and defendant requests that we grant his motion to compel compliance with this court's order and hold plaintiff in contempt. For the following reasons, we affirm.

¶ 4                                              BACKGROUND

¶ 5    Defendant states in his brief to this court that in 2008, he and his son, Ravat Bhutani, purchased the townhouse in Northbrook, Illinois, and that the two moved into the townhouse together. Defendant further states that his son Ravat relocated to Maryland in early 2012, but defendant continued to reside in the townhouse until he was evicted in 2013.

¶ 6    In early 2012, the defendant stopped paying monthly assessment payments, and on April 27, 2012, plaintiff issued a 30-day notice[1] pursuant to section 9-104.2 of the Forcible Entry and Detainer Act (735 ILCS 5/9-104.2 (West 2010)). The 30-day notice directed defendant and his son Ravat to pay $1,946.50 in unpaid monthly assessments, costs, and fees within 30 days. Two copies of the notice were sent by certified mail with return receipt requested. One copy was sent by certified mail to defendant at the address of the townhouse, but that notice was unclaimed and marked "return to sender" on June 1, 2012. The second copy of the notice was addressed to Ravat Bhutani at the same address and was received on April 31, 2012, but defendant claims that the signature on the return receipt was forged.[2] Plaintiff did not receive any money in response to the notice within the 30-day period and filed this forcible entry and detainer action against defendant, Ravat Bhutani, and all unknown occupants on July 17, 2012, seeking possession of the property and a money judgment for $3,048.25.

¶ 7    Defendant claims that he was never served with process in this action. The appellate record contains an affidavit from Michael Fahey, a special process server appointed by the trial court, in which he stated that on September 5, 2012, he arrived at the townhouse and a Middle Eastern man, approximately 55 years old, answered the door and identified himself as "Raj Bhutani."[3] The man told Fahey that he lived in the household and that he was renting it from defendant, a relative who owned the home. Fahey told the man that he was serving a summons on "Baldev Bhutani," which is defendant's first and last name, and that Fahey had been instructed to leave the service documents with a member of the household. The unknown man accepted the documents. On August 21, 2012, an attorney on behalf of Ravat Bhutani, defendant's son, signed a waiver of service of summons form at the request of plaintiff's attorney, and that waiver was filed in the trial court on September 10, 2012.

¶ 8    The return date on the summons was seven days after Fahey served the papers and neither defendant nor his son Ravat appeared in court. As a result, the trial court entered a judgment against them awarding possession of the townhouse to plaintiff, plus a money judgment of $5,096.36 for damages, plus $651.36 for court costs.

---

[1]The Forcible Entry and Detainer Act (735 ILCS 5/9-104.2 (West 2010)) provides that the defendant receives a demand letter and we will refer to the demand letter either as a demand letter or a 30-day notice.

[2]The signature on the return receipt begins with an "R" and the remainder is illegible.

[3]Defendant identifies himself as "Baldev Raj Bhutani" in several of his *pro se* motions filed in both the trial court and appellate court, as well as in his reply brief.

¶ 9    On September 28, 2012, defendant filed a *pro se* general appearance, and on October 1, 2012, he filed a *pro se* motion to vacate the judgment. In his *pro se* motion, defendant acknowledged that a court-appointed messenger left a copy of the summons in his son Ravat's name at the townhouse, but defendant claimed that he was not served personally. Although Ravat told defendant that he intended to have an attorney file an appearance on Ravat's behalf, defendant contacted the clerk of the circuit court on September 10, 2012, and learned that an appearance had not been filed. As a result, defendant filed a *pro se* general appearance on September 28, 2012, and he requested the trial court to vacate the default judgment against him and grant him 30 days to respond to the complaint. On October 3, 2012, the trial court entered a judgment for plaintiff in the amount of $1,312.50 for attorney fees.

¶ 10    The trial court granted defendant's motion to vacate on October 15, 2012, and the matter was set for trial on October 24, 2012. On that day, the trial court entered an order of possession and money judgment of $5,288.25 in damages, $2,658.75 in attorney fees, and $632.86 in court costs for plaintiff. On the written order, the trial court noted in pen, "Counsel for plaintiff and witness present for trial. Defendant Baldev Bhutani present." Although defendant has repeatedly claimed that he never received a trial, plaintiff states in its brief that the trial court conducted an "informal hearing" pursuant to Illinois Supreme Court Rule 286(b) (eff. Aug. 1, 1992), which provides that the trial court may relax the rules of procedure and the rules of evidence to adjudicate a dispute in a small claims case. No transcript or report of proceedings of the October 24, 2012, hearing appears in the appellate record.

¶ 11    On November 21, 2012, defendant filed a *pro se* "Motion to Reconsider and Vacate Order of October 24, 2012." In his *pro se* motion, defendant claims that the trial court entered its order of possession without a hearing or sworn testimony, and that it allowed plaintiff's attorney to draft the written order. Defendant further argues that, since the only remedy provided by plaintiff's bylaws was for plaintiff to obtain a lien on the townhouse, plaintiff was not allowed to seek a court order of eviction. Defendant attaches to his *pro se* motion copies of plaintiff's bylaws, as well as a copy of plaintiff's payment ledger, in which defendant is named as "Raj Bhutani."[4] Defendant additionally claims to have mailed a $1,100 check to plaintiff as a show of "good faith."

¶ 12    The trial court set defendant's *pro se* motion to reconsider for a hearing on December 12, 2012, but the case was transferred to a new judge who was not present that day. Defendant spoke with plaintiff and requested a hearing date for sometime after December 25, 2012, but plaintiff refused, claiming that defendant had already agreed to an earlier date. As a result, plaintiff filed a "Motion to Hear Defendant's Motion to Reconsider and Vacate Judgment," requesting a hearing on December 19, 2012. The notice of plaintiff's motion indicates that defendant was notified of the motion by email on December 17, 2012.[5] Defendant did not appear in court on December 19, 2012, and the trial court denied defendant's *pro se* motion to reconsider based on the written motion before the court.

_____

[4]As noted before, "Raj Bhutani" was the name of the person who answered the door according to the process server's affidavit.

[5]The trial court's ruling on plaintiff's motion does not appear in the appellate record. As we discuss later, the appellate court subsequently ruled that defendant was improperly served by email, without his consent.

¶ 13    On January 7, 2013, defendant filed a *pro se* "Motion for Leave to File Motion to Vacate and Motion to Dismiss." Defendant claims in his *pro se* motion that he was not properly served with a summons, but he did not challenge the trial court's jurisdiction, and he instead claims that the new trial judge was granted "limited subject matter jurisdiction" when the case was transferred on December 12, 2012. Defendant also argues that he should be granted leave to file his *pro se* motion to dismiss because: (1) plaintiff's bylaws did not permit plaintiff to seek an order of eviction; (2) defendant did not receive a jury trial; (3) plaintiff failed to provide defendant a verified validation of debt statement pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692g (2006)); (4) the occupant ledger provided by plaintiff contains errors concerning defendant's outstanding balance; and (5) defendant has shown good faith since he already paid $2,740 to plaintiff and promised to pay more once plaintiff provides an accurate debt statement. The trial court denied defendant leave to file his *pro se* motion on January 18, 2013, and defendant filed a notice of appeal on January 31, 2013.

¶ 14    Defendant subsequently filed a *pro se* "Motion for Stay of Eviction Pending Appeal" on February 19, 2013, in the appellate court, in which defendant requested that the appellate court "grant a stay of judgment pending the outcome of this appeal." A different panel of this court granted defendant's *pro se* motion on March 5, 2013, and the next day, plaintiff filed a motion requesting clarification of that order. In the motion, plaintiff claims that the Cook County sheriff evicted defendant from the townhouse on February 13, 2013, six days before defendant filed his motion requesting a stay, and that the locks were changed and possession was already transferred to plaintiff.[6] As a result, plaintiff requested clarification as to whether we ordered plaintiff either: (1) to take no further action against defendant concerning the money judgment; or (2) to return possession of the townhouse to defendant. The prior panel denied plaintiff's motion for clarification on March 11, 2013.

¶ 15    On March 14, 2013, plaintiff filed a motion to dismiss defendant's appeal as untimely. On March 18, 2013, defendant filed a *pro se* motion to compel enforcement with this court's March 5, 2013, order granting a stay. In his *pro se* motion, defendant complains that plaintiff violated the prior panel's order by refusing to return possession of the townhouse, and defendant requested sanctions. We took defendant's *pro se* motion with the case.

¶ 16    Plaintiff later withdrew its motion to dismiss, and on May 13, 2013, before the parties filed their briefs, a different panel of this court remanded the case on its own motion to the trial court for consideration of defendant's November 21, 2012, *pro se* "Motion to Reconsider and Vacate the Circuit Court's Order of October 24, 2012." In remanding the case, the prior panel found that the notice of motion to hear defendant's *pro se* motion to reconsider was improperly served on defendant by email without his permission, and as a result, the trial court's order denying defendant's *pro se* motion to reconsider was void. We retained jurisdiction of the case and stayed all pending matters until the trial court ruled on the motion to reconsider.

¶ 17    After remand, on May 23, 2013, the trial court held a hearing on defendant's November 21, 2012, *pro se* motion to reconsider. In the trial court, defendant argued: (1) that plaintiff did not serve him with statutory notice; (2) that plaintiff breached its contract with defendant by not complying with the bylaws in resolving the dispute; and (3) that plaintiff did not follow the procedures outlined in the Fair Debt Collection Practices Act (15 U.S.C. § 1692g).

---

[6]The order of eviction does not appear in the appellate record, but defendant does not dispute this fact.

¶ 18    In response, plaintiff stated that there was a trial held on October 24, 2012, on this matter and that Karen Balinski, the property manager of the condo association, was present in court and was prepared to testify. Plaintiff also argued that defendant's *pro se* motion to reconsider should be denied because defendant neither presented new evidence that was not discoverable at trial, nor claimed that there was a judicial error in interpreting the law. Plaintiff further claimed: (1) that both the 30-day notice and the service of summons were served on defendant, and that the trial court found that defendant was properly served; (2) that defendant never claimed at trial he was improperly served or that plaintiff violated its bylaws; and (3) that there was no violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692g) because defendant never requested an accounting before trial.

¶ 19    Defendant responded that there was no trial or testimony on October 24, 2012, and that plaintiff's counsel had a woman standing next to her during the proceedings, but she never spoke or identified herself. After argument, the trial court denied defendant's motion to reconsider, and this appeal proceeded.

¶ 20    On July 17, 2013, plaintiff filed a "Motion to Supplement Record on Appeal Instanter." In its motion, plaintiff requested the trial court to bind and certify the supplemental record containing: (1) the 30-day notice; (2) the verified petition for attorney fees on September 7, 2012; (3) the verified petition for attorney fees on October 23, 2012; and (4) plaintiff's motion to hear defendant's original motion to reconsider. In response, defendant argues that the documents are "duplicitous, deceptive, vague, and irrelevant" to the instant appeal, and he again claims that he never received a trial and that the documents were never presented as exhibits at trial. The trial court granted plaintiff's motion to supplement the appellate record on August 14, 2013, and we granted plaintiff leave to supplement the record on October 21, 2013.

¶ 21                                ANALYSIS

¶ 22    On appeal, defendant argues that this case should be reversed and remanded for a new trial because: (1) the trial court lacked subject matter jurisdiction and personal jurisdiction; (2) the trial court abused its discretion when it granted plaintiff's motion to supplement the trial record; and (3) plaintiff breached several of its fiduciary duties to defendant. Additionally, defendant argues that plaintiff violated this court's March 5, 2013, order granting a stay of judgment, and defendant requests that we grant his motion to compel compliance with this court's prior order and hold plaintiff in contempt. For the following reasons, we affirm.

¶ 23                      I. Subject Matter Jurisdiction

¶ 24    Defendant first argues that the trial court's October 24, 2012, order awarding possession to plaintiff with a money judgment is void *ab initio* because the trial court did not have subject matter jurisdiction to hear the case.

¶ 25    "It is essential to the validity of a judgment that the court have both jurisdiction of the subject matter of the litigation and jurisdiction over the parties." *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). " '[S]ubject matter jurisdiction' refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). A claim concerning the lack of subject matter jurisdiction may be raised at any time, even on appeal. *City of Marseilles v. Radke*, 287 Ill. App. 3d 757, 761 (1997). A trial court's decision that it has

subject matter jurisdiction is reviewed *de novo*. *Keller v. Walker*, 319 Ill. App. 3d 67, 70 (2001) (citing *City of Marseilles v. Radke*, 287 Ill. App. 3d 757, 761 (1997)). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 26 In the case at bar, the trial court was conferred subject matter jurisdiction by the Forcible Entry and Detainer Act, which provides that "[t]he person entitled to the possession of lands or tenements may be restored thereto under any of the following circumstances: *** the owner of a unit fails or refuses to pay when due his or her proportionate share of the common expenses of such property." 735 ILCS 5/9-102(a)(7) (West 2010). To confer subject matter jurisdiction to the trial court, a plaintiff must serve a demand on the owners of the property. 735 ILCS 5/9-104.1(a) (West 2010). This demand "shall give the *** condominium unit owner, as the case may be, at least 30 days to satisfy the terms of the demand before an action is filed." 735 ILCS 5/9-104.1(a) (West 2010). The demand shall be served "by sending the demand thereof by registered or certified mail with return receipt requested to the last known address of such purchaser or condominium unit owner." 735 ILCS 5/9-104.1(c) (West 2010).

¶ 27 Defendant claims that he was not properly served a 30-day notice because he never received it. The appellate record shows that a copy of the notice was sent by certified mail to "Baldev Bhutani" at the address of the townhouse. However, the envelope was marked as unclaimed and returned to sender on June 1, 2012. Defendant argues that since he never received the notice, the Forcible Entry and Detainer Act did not grant the trial court subject matter jurisdiction to hear the case.

¶ 28 However, the Forcible Entry and Detainer Act does not require that a defendant actually receive the 30-day notice to effectuate proper service. 735 ILCS 5/9-104.1(c) (West 2010) ("To be effective service under this Section, a demand sent by certified or registered mail to the last known address need not be received by the purchaser or condominium unit owner."). Instead, the statute requires only that the notice be sent by certified mail to the last-known address of the owner. 735 ILCS 5/9-104.1(c) (West 2010). Here, plaintiff sent the 30-day notice by certified mail to defendant at the address of the townhouse, where defendant had been living for the past four years. Although defendant never claimed the letter, plaintiff followed the procedures outlined in the statute, and the trial court was conferred subject matter jurisdiction to hear the case.

¶ 29 II. Personal Jurisdiction

¶ 30 Next, defendant argues that he was never served with the complaint and summons, and as a result, the trial court did not have personal jurisdiction over him to enter a judgment.

¶ 31 Courts have no power to adjudicate a personal claim or obligation unless they have personal jurisdiction over the parties. *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957). "If a party is not properly served with summons, the trial court does not obtain personal jurisdiction over that party." *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 367 (2001) (citing *DiNardo v. Lamela*, 183 Ill. App. 3d 1098, 1101 (1989)). Where a trial court does not obtain personal jurisdiction over a defendant, any order entered against him is void *ab initio* and subject to direct or collateral attack at any time. *Schmitt*, 321 Ill. App. 3d at 367 (citing *DiNardo*, 183 Ill. App. 3d at 1101). The issue of whether the trial court has personal jurisdiction over a party is also a matter of law to be reviewed *de novo*. *White v. Ratcliffe*, 285 Ill. App. 3d 758, 764

(1996). As stated, *de novo* consideration means we perform the same analysis that a trial judge would perform. *Khan*, 408 Ill. App. 3d at 578.

¶ 32 Absent waiver, "personal jurisdiction can be acquired only by service of process in the manner directed by statute." *State Bank of Lake Zurich*, 113 Ill. 2d at 308. According to the Illinois Code of Civil Procedure: "service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a) (West 2012).

¶ 33 In the instant case, the appellate record establishes that defendant was personally served in compliance with the Code of Civil Procedure. Michael Fahey, a special process server appointed by the trial court, stated in an affidavit that he served the complaint and summons at the townhouse on September 5, 2012. Fahey's affidavit states that a 55-year-old Middle Eastern man answered the door and identified himself as "Raj Bhutani," and he told Fahey that he lived in the townhouse and that he was related to defendant. Fahey described the contents of the service papers and "Raj Bhutani" accepted them. Fahey stated that he later mailed a copy of the same documents to the townhouse.

¶ 34 Fahey's affidavit satisfies each of the elements required to establish proper service since a copy of the summons was left at defendant's usual place of abode with a family member who resided there and was older than the age of 12. Furthermore, that family member was informed of the contents of the summons, and a copy of the summons was later mailed to defendant at that same address. Although defendant claims that he was never served personally, he does not dispute Fahey's affidavit or the claim that this was his usual place of abode. As a result, defendant was properly served, and the trial court had personal jurisdiction over him in this case.

¶ 35                 III. Plaintiff's Motion to Supplement Record on Appeal

¶ 36 Defendant also argues that the trial court abused its discretion when it granted plaintiff's motion to supplement the appellate record with: (1) the 30-day notice; (2) the verified petition for attorney fees on September 7, 2012; (3) the verified petition for attorney fees on October 23, 2012; and (4) plaintiff's motion to hear defendant's motion to reconsider. Defendant argues that, since he did not receive a trial and no exhibits or sworn testimony were presented during the proceedings on October 24, 2012, plaintiff's motion to supplement is an attempt to "re-open the proofs" and retroactively restore the record in plaintiff's favor. Defendant claims that the supplemented documents are new evidence, and he cites several factors that a court must consider in determining whether a party should be permitted to reopen a case. *A-Tech Computer Services, Inc. v. Soo Hoo*, 254 Ill. App. 3d 392, 402-03 (1993). Plaintiff responds that the case was adjudicated at an informal hearing on October 24, 2012, pursuant to Illinois Supreme Court Rule 286 (eff. Aug. 1, 1992), and as a result, the exhibits presented to the trial court were not contained in the record on appeal.

¶ 37 "Supreme Court Rule 329 permits the amendment of the record where there are material omissions or inaccuracies or if the record is otherwise insufficient to present fully and fairly the

questions involved." *People v. Miller*, 190 Ill. App. 3d 981, 988 (1989) (citing Ill. S. Ct. R. 329 (eff. July 1, 1982)). Rule 329 is a " 'very broad provision' " that allows amendment of the record to supply an omission therefrom. *Miller*, 190 Ill. App. 3d at 988 (quoting *People v. Chitwood*, 67 Ill. 2d 443, 447 (1977)). Rule 329 states that "[a]ny controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth." Ill. S. Ct. R. 329 (eff. Jan. 1, 2006). "If necessary, a supplemental record may be certified and transmitted. The clerk of the circuit court shall prepare a bound and certified supplemental record which shall be filed in the reviewing court upon order issued pursuant to motion." Ill. S. Ct. R. 329 (eff. Jan. 1, 2006).

¶ 38    Here, the trial court did not abuse its discretion because, by granting plaintiff's motion, the trial court merely bound and certified the supplemental record. Ill. S. Ct. R. 329 (eff. Jan. 1, 2006); Ill. App. Ct., First Dist., R. 19 (Sept. 1, 2004). Although the trial court may certify and transmit a supplemental record to the appellate court, the record may only be filed with leave of the appellate court pursuant to a motion. Ill. S. Ct. R. 329 (eff. Jan. 1, 2006); Ill. App. Ct., First Dist., R. 19 (Sept. 1, 2004). As stated, plaintiff later requested leave to file the bound and certified supplemental record in this court, and we granted that motion. As a result, the trial court did not abuse its discretion when it granted plaintiff's motion because it was not tasked with any consideration other than binding and certifying the supplemental record.

¶ 39    Furthermore, we decline to reverse our prior order granting plaintiff leave to file the supplemental record because the supplemented documents are material omissions related to defendant's claims. In this appeal, defendant argues that he never received a 30-day notice or verified accounting statement, which are the very documents that plaintiff sought to add to the record. Furthermore, the notice of plaintiff's motion to hear defendant's *pro se* motion to reconsider is the principal document upon which we previously remanded this case, and the absence of that document renders the appellate record incomplete. Although defendant claims that the documents were never presented at trial, the transcripts from the proceedings on October 24, 2012, are not contained in the appellate record, nor has a report of proceedings been obtained by defendant. As a result, we are not persuaded by defendant's argument that the supplemental record introduces new evidence, and we decline to reverse our prior order granting plaintiff leave to file the supplemental record.

¶ 40                                IV. Fiduciary Duty

¶ 41    Defendant additionally argues that plaintiff breached its fiduciary duty to defendant when it: (1) failed to comply with the Fair Debt Collection Practices Act (15 U.S.C. § 1692g); (2) failed to provide an accurate "account of the Owner" prior to filing the complaint; (3) failed to send a 30-day notice to all parties named in the complaint; and (4) failed to comply with our March 5, 2013, order granting a stay.

¶ 42    However, defendant has waived his argument that plaintiff breached a fiduciary duty because he raises the issue for the first time on appeal. A party may not ask this court to reverse a trial court's decision "on grounds which the trial court was never asked to consider." *Pajic v. Old Republic Insurance Co.*, 394 Ill. App. 3d 1040, 1051 (2009). Here, the appellate record is silent as to whether defendant raised a fiduciary claim at trial because the record does not contain transcripts from the proceedings on October 24, 2012, nor has a report of proceedings been filed. "As a general rule, it is the appellant's burden to provide a sufficiently complete record to allow for meaningful appellate review and all doubts arising from the incompleteness

in the record will be resolved against the appellant." *People v. Salinas*, 383 Ill. App. 3d 481, 489-90 (2008) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Furthermore, defendant did not raise the issue in any of his posttrial motions. Although defendant did allege that he was never served or provided with a verified accounting statement, he did not claim that these facts amounted to a breach of fiduciary duty by plaintiff. As a result, defendant has waived this issue on appeal.

¶ 43    Even if defendant did not waive the issue, his argument that plaintiff breached a fiduciary duty is not germane to a forcible entry and detainer action. " 'Forcible entry and detainer is a summary statutory proceeding to adjudicate rights to possession and is unhampered and unimpeded by questions of title and other collateral matters not directly connected with the question of possession.' " (Internal quotation marks omitted.) *Spanish Court Two Condominium Ass'n v. Carlson*, 2012 IL App (2d) 110473, ¶ 20 (quoting *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249, 256 (1970)). Liability for breach of a fiduciary duty is a separate matter that is not directly connected with the question of possession in a forcible entry and detainer action. As such, defendant's claims for breach of fiduciary duty are beyond the scope of the instant litigation.

¶ 44                              V. Motion to Compel

¶ 45    Finally, defendant asks us to grant his *pro se* motion to compel enforcement with the prior panel's March 5, 2013, order granting a stay of judgment. Defendant argues that this court's order mandated that plaintiff return possession of the townhouse to defendant, which plaintiff has not done. In his briefs, defendant demands that plaintiff be held in contempt of court and sanctioned for not complying with our prior order. Defendant has not filed a petition for a rule to show cause to sanction plaintiff, and he instead cites Illinois Supreme Court Rule 375(a) (eff. Feb. 1, 1994), arguing that this court may on its own accord impose sanctions in circumstances in which a party or its attorney willfully fails to comply with the rules of appellate procedure.

¶ 46    However, plaintiff did not violate this court's order because defendant was evicted from the townhouse prior to filing his *pro se* motion requesting a stay. The purpose of a stay granted by the appellate court is to maintain the status quo pending the appeal by suspending enforcement of a judgment. *In re Marriage of Suriano*, 324 Ill. App. 3d 839, 854 (2001). Plaintiff claims in its response to defendant's *pro se* motion, as well as in its brief, that the sheriff enforced the order of possession on February 13, 2013, six days before defendant filed his *pro se* motion requesting a stay. Although there is no documentation in the appellate record showing when the eviction actually occurred, defendant does not dispute this fact or point to any evidence to suggest that he was evicted from the townhouse after we stayed the trial court's judgment. Moreover, defendant's *pro se* motion requested only a "stay of judgment of eviction" and did not request repossession, and the previous panel's March 5, 2013, order did not instruct plaintiff to return possession of the townhouse. As a result, plaintiff did not violate this court's prior order because plaintiff did not evict defendant after the judgment was stayed, and plaintiff was not ordered to return possession of the townhouse to defendant. Defendant's *pro se* motion to compel is denied, and we decline to hold plaintiff in contempt.

## CONCLUSION

For the foregoing reasons, we affirm. The trial court obtained both subject matter and personal jurisdiction because defendant was properly served the 30-day notice as well as the complaint and summons. Also, the trial court did not abuse its discretion when it bound and certified the supplemental record, and defendant has waived his claim of a breach of fiduciary duty since he did not raise the issue at trial. Lastly, we deny defendant's *pro se* motion to compel since plaintiff did not violate this court's prior order granting a stay.

Affirmed.