2026 IL App (1st) 242218-U
No. 1-24-2218

SIXTH DIVISION
March 31, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| FELICIA JEAN GARDNER, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2023 CH 07741 |
| | ) | |
| ARLENE CHEARS, BERNADETTE GARDNER, and HENRY GARDNER, | ) | |
| | ) | |
| | ) | The Honorable |
| Defendants-Appellees. | ) | Cecilia A. Horan, |
| | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's dismissal of plaintiff-appellant's amended complaint for conversion of inheritance documents, assets, and real estate because the statute of limitations lapsed for all claims.

¶ 2    Felicia Jean Gardner (Felicia) filed a complaint against Defendants-Appellants Bernadette Gardner (Bernadette), Henry Gardner (Henry), and Defendant, Chicago Housing Authority (CHA) Enforcement Team. On February 16, 2024, the circuit court dismissed the

complaint *sua sponte* and granted Felicia leave to amend. In the amended complaint, Felicia removed the CHA Enforcement Team as a defendant and named Defendants-Appellees, Bernadette, Henry, and Defendant-Appellee, Arlene Chears (Chears). The circuit court found the complaint time-barred by the statute of limitations. For the following reasons, we affirm.

¶ 3                                                BACKGROUND

¶ 4        This action stems from Felicia's allegations that family members stole documents that would show she was entitled to inherit millions of dollars from her late mother. Felicia proceeded *pro se* in the trial court and on appeal.

¶ 5        Plaintiff filed her original complaint on August 25, 2023, to recover stolen inheritance documents. That complaint stated in its entirety:

> "Retain my stolen inheritance documents. I'm the power of
> attorney. My sister Bernadette gave my brother my inheritance and
> he gave this unit called CHA Enforcement Dept. refuses to give me
> my documents."

¶ 6        On September 20, 2023, the court entered an order referring plaintiff to Chicago Volunteer Legal Services (CVLS) to determine if CVLS could provide free representation. An order dated November 28, 2023, reflects that CVLS declined to represent plaintiff. That order advised plaintiff that she needed to effectuate service of process for the case to proceed. The order advised her to seek free legal assistance from the Help Desk in the Richard J. Daley Center. The court continued the matter to allow time to effectuate service.

¶ 7        The record reflects efforts to serve defendants over the ensuing months. There is no indication that Henry or the CHA was ever served. However, the record reflects that defendant Bernadette appeared at a hearing on February 16, 2024.

¶ 8        On February 16, 2024, the trial court entered an order dismissing the complaint *sua sponte* for failure to state a claim for which relief may be granted. In the same order, it again encouraged Felicia to seek help from the website https://ilcourthelp.gov/ and the resource center for *pro se* litigants in the Daley Center. Felicia was given 28 days to file an amended complaint.

¶ 9                                   Amended Complaint

¶ 10       Felicia filed an amended complaint on March 7, 2024. She alleged that Bernadette, Henry, and Chears used fraud to deprive her of her inheritance from her mother and decedent, Margie Gardner.

¶ 11       The complaint also alleged the inheritance consisted of "real and personal property valuing hundreds of millions of dollars." Plaintiff alleged that her mother "had gone over everything with me and my little sister Bernadette." Plaintiff alleged that the "very next morning", her brother Henry told her that her mother Margie was in the hospital.[1] According to plaintiff, doctors told her that her mother "was battered and every bone in her body was broken" and "they had to do emergency surgery and the cancer has spread so fast and she had expired that same month." Margie was not able to state "who had done this" because she could not speak.

¶ 12       After Margie's death on September 25, 1999, Felicia alleged Bernadette stole written documents noting her inheritance and gave them to Henry and Chears. Felicia contends she was Power of Attorney over Margie when Margie died, but she did not bring forth claims regarding the inheritance documents or real and personal property. Felicia alleged that her family led her to believe that a stranger broke into her mother's apartment and "stole the briefcase with my inheritances in here" but she had learned that Bernadette "had called my brother Henry Gardner

_____

[1] Plaintiff did not specify a date of the alleged conversations.

over and had given him my inheritances and he jumped on his mother." The amended complaint does not state when Felicia became aware of the defendants' alleged conduct.

¶ 13    In the amended complaint, plaintiff also claimed that Henry had put a "watch on me," and that she was being monitored. The amended complaint requested return of the "stolen inheritance documents and a removal of this illegal watch my brother Henry Gardner and these volunteers ha[ve] on me."

¶ 14                                   Motion to Dismiss

¶ 15    In May 2024, Chears appeared in this case and through counsel filed a "combined motion to dismiss" on various grounds, including section 2-619(a)(5) of the Code of Civil Procedure (Code) 735 ILCS 5/2-619(a)(5)(West 2022). Chears argued that the statute of limitation barred Felicia from pursuing legal action. Insofar as Felicia alleged that one of the claims against Chears is the tort of conversion, Chears argued the cause of action began tolling well before the filing of this action because Margie passed away on September 25, 1999.  Chears noted that a claim for conversion has a five-year limitations period. See 735 ILCS 5/13-205 (West 2022). Chears further contended that if the cause of action is not based in tort and instead can be based on a recovery of land, that statute of limitation is 20 years and has passed. See 735 ILCS 5/13-101 (West 2024) "No person shall commence an action for the recovery of lands *** unless within 20 years after the right to bring such action or make such entry first accrued ***.")

¶ 16    On June 28, 2024, Bernadette appeared before the court, agreed to waive service of process, and joined in Chears' motion to dismiss. The court directed Chears' counsel to attempt to contact the remaining defendant, Henry Gardner. The record does not reflect that Henry was served or that he appeared.

¶ 17 On October 15, 2015, the court entered an order dismissing the matter "with prejudice pursuant to 735 ILCS 5/2-619(5)," indicating dismissal premised on the ground that the action was untimely.

¶ 18                                         JURISDICTION

¶ 19 The circuit court granted Chears' motion to dismiss with prejudice on October 15, 2024. Felicia filed a timely notice of appeal on November 7, 2024. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 20                                          ANALYSIS

¶ 21 On appeal, plaintiff makes two arguments in challenging the dismissal of her amended complaint with prejudice. First, she claims dismissal was improper as there were three defendants but "only one [Chears] filed the motion to dismiss. This motion does not pertain to the other two defendants, Henry Gardner and Bernadette Gardner."

¶ 22 Second, she argues the circuit court erred in granting the motion to dismiss with prejudice because she was not given another opportunity to amend the complaint. Chears did not file an appellee brief but asserted in the trial court that the cause of action for conversion began tolling well before the filing of this claim. Chears asserted that Margie passed away in 1999, and whether the cause of action is based on tort or recovery of land, the claim is still no longer actionable due to the passage of time.

¶ 23 Felicia rebuts arguing the circuit court should not have dismissed this action with prejudice because she did not discover the facts of this case until long after the decedent passed away. But Felicia's amended complaint alleged that the decedent "had gone over everything with me and my little sister Bernadette [in 1999]. She further alleged that "[a]t the time of her death [decedent] owned property both real and personal of value in excess of [a] hundred million

dollars, situated in Cook County, Illinois." Felicia confirmed notice of the inheritance was brought to her attention by the decedent in the early part of 1999.

¶ 24    A motion to dismiss pursuant to section 2-619 of the Code admits the legal sufficiency of the plaintiff's complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). Rulings on section 2-619 motions "present a question of law, and we review rulings thereon *de novo*." Id.

¶ 25    The trial court dismissed the complaint pursuant to section 2-619(a)(5) of the Code, finding it was time barred. Section 2-619(a)(5) provides for a dismissal of a pleading if an action was not commenced within the time limited by law. 735 ILCS 5/2-619(a)(5) (West 2024). "Failure to act within the time provided by law is an affirmative matter, and where the affirmative matter asserted is apparent on the face of a pleading, no affidavit is required to support [the] section 2-619 motion. In ruling on a section 2-619 motion, where the facts are undisputed and only one conclusion is evident, the court may determine the date of the commencement of the statute of limitations as a matter of law." *Brummel v. Grossman*, 2018 IL App (1st) 162540, ¶ 22.

¶ 26    <u>The Fact that Henry Did Not Join the Motion Did Not Preclude Dismissal</u>

¶ 27    Before we discuss the statute of limitations, we note Felicia's primary contention that dismissal was improper as there were three defendants but "only one [Chears] filed the motion to dismiss." That is, she asserts: "This motion does not pertain to the other two defendant, Henry Gardner and Bernadette Gardner." This argument is plainly without merit as to Bernadette, because the record shows that Bernadette joined Chears' motion to dismiss. Specifically, the court's written order of June 28, 2024 specified that Bernadette appeared and joined in the

motion to dismiss. Plaintiff has identified no reason why Bernadette could not join in that motion.

¶ 28     Thus, Henry was the only of the three defendants who did not join in the motion to dismiss. Yet this is not surprising, since there is no indication that Henry was ever served with the summons. See 735 ILCS 5/2-203(a) (an individual defendant must be served "by leaving a copy of the summons with the defendant personally" or by leaving a copy at the defendant's residence with a person residing there over the age of 13 years and mailing a copy the defendant at his or her usual place of abode). Indeed, it is not apparent from the record whether Henry was ever made aware of the instant lawsuit.

¶ 29     As gaps in the record are construed against the plaintiff as appellant, (*Foutch v. O'Bryant*, 99 Ill. 2d 392, 391-92 (1984)) we must presume that Henry was not served. In turn, the trial court never had personal jurisdiction over him. *Court of Northbrook Condominium Ass'n v. Bhutani*, 2014 IL App (1st) 130417, ¶ 31. As Henry was not served, the court never obtained power to adjudicate Felicia's claim against him in the first place. In other words, at time of dismissal there were only two defendants subject to the action—Chears and Bernadette—both of whom moved to dismiss. Felicia cannot challenge the dismissal of the complaint on the ground that Henry (who was never served) did not join in the motion to dismiss.

¶ 30     We proceed to find that the trial court otherwise did not err in concluding that any possible action (for either conversion or recovery of lands) was time-barred.

¶ 31                                CONVERSION

¶ 32     In the trial court, Chears contended that Felicia failed to meet the statute of limitations for conversion and alternatively for recovery of land. Pursuant to Illinois law, claims for conversion "shall be commenced within 5 years next after the cause of action accrued." 735

ILCS 5/13-205 (West 2022). A cause of action accrues when the plaintiff knows or should have known that she is injured and that such injury may have been wrongfully caused. *Doe v. Montessori School of Lake Forest*, 287 Ill. App. 3d 289, 298 (1997).

¶ 33 In Felicia's amended complaint filed March 7, 2024, she implies that she became aware of the alleged conversion at the time of Margie's death in September 1999, nearly twenty-four years prior to the August 25, 2023, filing of the original complaint. Furthermore, in her brief she states, "My mother brought to my attention my inheritance to me [in] early part of 1999." One knows or reasonably should know an injury is wrongfully caused when there is sufficient information concerning the injury and its cause to place a reasonable person on inquiry to determine whether actionable conduct is involved. *Brummel v. Grossman*, 2018 IL App (1st) 162540, ¶ 26. According to plaintiff's own pleadings and brief, as early as September 1999, she was aware that she was injured by the alleged conversion. Thus, the conversion claim accrued in September 1999.

¶ 34 Because Felicia's complaint was not filed until 2023, more than twenty years after the expiration of the five-year statute of limitations for conversion provided in section 13-205 (735 ILCS 5/13-205 (West 2022)), plaintiff's conversion claim is time-barred.

¶ 35                                    RECOVERY OF LAND CLAIM

¶ 36 Alternatively, Felicia contends the amended complaint is an action for recovery of land. As previously stated, the March 7, 20204 amended complaint implies her awareness of the alleged claim at the time of Margie's death in September 1999, approximately twenty-four years prior to the August 25, 2023 filing of the original complaint. We also note that in her brief, Felicia states: "My mother brought to my attention my inheritance to me [in the] early part of 1999."

¶ 37    Pursuant to section 13-101 of the Code of Civil Procedure, "no person shall commence an action for the recovery of land, nor make an entry thereon, unless within 20 years after the right to bring such action or make such entry first accrued, or within 20 years after he, she or those from by, or under whom he or she claims, have acquired title or possession of the premises, except as provided in Sections 13-102 through 13-122 of this Act." 735 ILCS 5/13-101 (West 2024).

¶ 38    In *Parks v. Parks*, 2019 IL App (3d) 170845, plaintiffs discovered their interest in a farm in 1960 yet waited 23 years to file a claim. *Id*. ¶ 32. The court found the decedent did not list the farm in her will and there was no evidence a contract to sell the farm had or had not been completed. *Id*. Further, the court in *Parks* states:

> "Under the discovery rule, the limitations period does not begin to run until the plaintiff knows or reasonably should have known of its injury and that it was wrongly caused. [Citation.] At the point the injured person knows or should have known that his or her injury was 'wrongly caused,' the injured person possesses sufficient information concerning his injury and the cause of his injury to put a reasonable person on notice to make additional inquiries." *Id*.

¶ 39    Here, Felicia knew, or should have known, of her claim at the time of Margie's death and when the documents were missing. By late 1999, she knew or reasonably should have known that she would be unable to claim the alleged inheritance. Allowing the action 24 years later would prejudice Chears, Bernadette, and Henry. Thus, Felicia failed to meet the statute of limitations and the trial court did not err when it granted the motion to dismiss. Felicia's

recovery of land claim is barred by the 20-year statute of limitations set forth in section 13-101 of the Code of Civil Procedure (735 ILCS 5/13-101 (West 2022)). See *527 S. Clinton, LLC v. Westloop Equities, LLC*, 403 Ill. App. 3d 42 (2010)

¶ 40                    The Trial Court Did Not Err in Declining Further Amendment

¶ 41        We also reject plaintiff's argument that she should have been able to file a new amended complaint. In so arguing, she essentially urges that the trial court should have given her a chance to amend the complaint to overcome the statute of limitations barrier. We find this argument unavailing, because there is nothing in the record to indicate that she asked for a chance to amend her complaint, or that she proposed an amended pleading that could have corrected any defects.

¶ 42        Generally, amended pleadings are governed by section 2-616 of the Code of Civil Procedure, which allows for amendments at any time before final judgment "on just and reasonable terms." 735 ILCS 5/2-616(a) (West 2022). Whether a trial court permits an amended pleading is a matter of discretion, and we will not reverse the decision on a motion to amend a pleading absent an abuse of discretion. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 69. A decision is an abuse of discretion only when it is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view of the trial court. *Favia v. Ford Motor Co.*, 381 Ill. App. 3d 809, 816 (2008).

¶ 43        In determining whether a trial court has abused its discretion in denying a motion for leave to amend, reviewing courts look to four factors: (1) whether the proposed amendment would cure the defective pleading (2) whether the proposed amendment would prejudice or surprise other parties; (3) whether the proposed amendment is timely; and (4) whether there were

previous opportunities to amend the pleading. *Geisler v. Everest Nat. Ins. Co.*, 2012 IL App (1st) 103834, ¶ 94.

¶ 44　　Here, the record is insufficient for us to find error, as it does not reflect that plaintiff submitted any proposed amendment to which we can apply the previously named factors. Nor is there any hearing transcript to indicate that plaintiff explained to the court how she could amend her complaint. Unfortunately for plaintiff, under our case law such gaps in the appellant record must be construed against her.

¶ 45　　Moreover, although plaintiff's brief generally asserts that she could plead "that I did not discover the facts of this case until long after my mother passed away," she does not specify when she discovered such facts. Nor does she specify any particular cause of action or applicable statute of limitations. Thus, she does not articulate how an amended complaint could bring any cognizable claim that is not time-barred. For these reasons, we must reject plaintiff's challenge to dismissal of her amended complaint with prejudice.

¶ 46　　Before we conclude, we note our sympathy for self-represented litigants such as Felicia, as she clearly could have benefited from legal counsel to help articulate her claims and to understand the reasons for the court's decisions. Felicia clearly feels that she has a viable claim. However, the law is very clear.

¶ 47　　To the trial court's credit, the record reflects that it repeatedly referred Felicia to free or low-cost resources for *pro se* litigants, including the help desk at the Daley Center. As she continued to appear *pro se*, we cannot be certain that she consulted the help desk, or if so whether an attorney there either refused to help her or declined and explained that her claim was too late. The *pro bono* attorneys working at the help desk see hundreds of *pro se* litigants, and they help those litigants the most when they explain the pros and cons of their claims. We hope

that is what happened here, and that Felicia was fully aware that her claims were time-barred but chose to proceed anyway. It would be a shame if no one told her and she went ahead not understanding the futility of her case.

¶ 48 To be clear, Felicia's claims would be time-barred regardless of whether she had legal representation. Nonetheless, litigants such as Felicia deserve to have a clear explanation of the reasons why their claims do or do not have merit under the law. This case is another example of why *pro se* litigants should be encouraged to take advantage of low-cost legal assistance resources, and why practicing attorneys should strive to provide *pro bono* legal services. Unfortunately for Felicia, the law and the record before us compel us to affirm the dismissal of her amended complaint.

¶ 49                                    CONCLUSION

¶ 50 For the foregoing reasons, we affirm the judgment of the circuit court. The court did not err when it granted defendants' section 2-619(a)(5) motion to dismiss plaintiff's complaint with prejudice since Felicia failed to bring claims withing the applicable statutes of limitations for conversion and recovery of land.

¶ 51 Affirmed.